Per Curiam.
 

 Defendant Jackson Heights Shopping Center, Inc. was the owner of a shopping center building which was under construction March 23, 1959 when plaintiff was injured.
 

 Plaintiff’s employer, Keystone Fireproofing Corporation, was engaged as a subcontractor to install fiber glass insulation between the iron beams and the roof.
 

 
 *106
 
 In the course of doing the work a plank on which plaintiff was standing broke and he fell. The building was a single story in height with a cellar beneath the floor. The height of the roof above the floor was 15 feet. The cellar was 9 feet below the floor.
 

 A portion of the floor area, somewhat less than half, was not covered because of excavation and in that portion the distance from the roof to the basement was 24 feet.
 

 It is conceded the plank that broke and caused plaintiff’s fall was furnished by his own employer Keystone which also directed the place under the roof where plaintiff should work.
 

 Plaintiff has had recovery against the owner Jackson Heights on the ground there had been a breach of a common-law duty to provide a safe place to work. It is expressly conceded by plaintiff that the statutory standard of duty does not apply in this case and that liability depends on common-law principles.
 

 A common-law duty rests on an owner or general contractor to provide a safe place to work which protects employees of subcontractors
 
 (Caspersen v. La Sala Bros.,
 
 253 N. Y. 491).
 

 There liability was allowed against the owner of a building under construction for a danger on the
 
 “
 
 ways and approaches ” used by the workman to get on with the work (Cardozo, Ch. J., p. 494).
 

 But neither the defective plank furnished by plaintiff’s employer in this present case nor the uncovered floor below was a
 
 “
 
 place of work ” furnished by the owner, nor does the fact his employer directed plaintiff to work in a site where the space below was 24 feet, and not 15 feet, bring plaintiff within the common-law duty of the owner to provide a safe place of work.
 

 The case is similar to
 
 Butler
 
 v.
 
 D. M. W. Contr. Co.
 
 (309 N. Y. 990) where plaintiff was injured when a scaffold erected by his employer broke. The Appellate Division held, in dismissing the complaint (286 App. Div. 828), that the scaffold was neither “ a place of work ” nor “ a way of approach to such place ” (see 309 N. Y., p. 991).
 

 In the same direction are
 
 Iacono
 
 v.
 
 Frank & Frank Contr. Co.
 
 (259 N. Y. 377) and
 
 Gambella
 
 v.
 
 Johnson & Sons
 
 (285 App. Div. 580, 582).
 

 
 *107
 
 The duty of an owner or general contractor to provide a safe place of work for employees of subcontractors has been said to be “ clearly distinguishable from that arising through negligent acts of a subcontractor occurring as a detail of the work ”
 
 (Wohlfron
 
 v.
 
 Brooklyn Edison Co.,
 
 238 App. Div. 463, 466, affd. 263 N. Y. 547; cited with approval in
 
 Zucchelli
 
 v.
 
 City Constr. Co.,
 
 4 N Y 2d 52, 56).
 

 The safe ‘‘place’’ of work, either under the statute (Labor Law, § 200) or common law, does not include the subcontractor’s own plant or the work he is doing
 
 (Wright
 
 v.
 
 Belt Assoc.,
 
 14 N Y 2d 129;
 
 Zucchelli
 
 v.
 
 City Constr. Co., supra; Moore
 
 v.
 
 Charles T. Wills, Inc.,
 
 250 N. Y. 426;
 
 Hess
 
 v.
 
 Bernheimer & Schwartz Brewing Co.,
 
 219 N. Y. 415, 418).
 

 As an illustration of the effect of a method of work on the owner’s liability pursued by a subcontractor in a site which was dangerous, see
 
 Persichilli
 
 v.
 
 Triborough Bridge & Tunnel Auth.
 
 (16 N Y 2d 136).
 

 Liability in
 
 Bergen
 
 v
 
 East 84th St. Constr. Corp.
 
 (16 N Y 2d 644) was predicated on a violation of specific rules of the Board of Standards and Appeals.
 
 Ithaca Trust Co.
 
 v.
 
 Driscoll Bros. & Co.
 
 (220 N. Y. 617) does not authorize liability against appellants in the present case.
 

 The order should be reversed, without costs, and the complaint dismissed.
 

 Judges Burke, Sceleppi, Bergan and Jasen concur in
 
 Per Curiam
 
 opinion; Chief Judge Fuld and Judges Breitel and Gibson dissent and vote to affirm in the following memorandum: The issue of negligence is based on the alleged concurrent negligence of the owner in failing to cover the excavation into which plaintiff fell and not on the breaking of the plank supplied by his employer. This raised a proper issue of fact for the jury
 
 (Ithaca Trust Co.
 
 v.
 
 Driscoll Bros. & Co.,
 
 169 App. Div. 377, affd. 220 N. Y. 617). Moreover, the opinion of the Trial Justice on the post-verdict motion as well as the charge to the jury make the issue quite clear.
 

 Order reversed, without costs, and complaint dismissed. Question certified answered in the negative.