■ SALVADORE VICENTY, Respondent, v. NAT DAVIS, Individually and Doing Business as UNION SQUARE DELI-STORE, Defendant-Appellant, and Third-Party Plaintiff-Appellant. DACA-BRINN, INC., Third-Party Defendant-Appellant.— Judgment, Supreme Court, New York County, entered November 27, 1972, affirmed. Plaintiff-respondent shall recover of appellants one bill of $60 costs and disbursements. Plaintiff-respondent, employee of third-party-defendant-appellant contractor, was injured when he fell from the top · of a freezer availed of as a scaffold during alteration work being done in defendant-appellant's store. The court gave judgment over, on the third-party claim, of half the jury's verdict against defendant. The case was sent to the jury under subdivision 1 of section 240 of the Labor Law, which relates, *inter alia,* to scaffolding furnished for such work. The case turned, under the court's charge, on the twin questions of whether defendant lessee had exercised supervision and direction over the work, and whether the "scaffolding" furnished for the work was safe for the purpose. The jury's verdict implicitly answered both in favor of plaintiff. Plaintiff's evidence was to the effect that the lessee instructed him to hang a partition above the freezer and to stand on the freezer to work; that his employer had instructed him to follow defendant lessee's directions; that the lessee was closely related to the contractor's president, had theretofore himself been employed by the contractor, and, indeed, had planned the alteration. Against all of this there was the denial by defendant that he had given directions and even that he had been present when the accident took place. The jury's findings on the evidence were, in effect, that there was "supervision of the manner and method of the work to be performed." (*Duda* v. *Rouse Constr. Corp.,* 32 N Y 2d 405, 409.) There can be no quarrel with the jury's conclusion that the smooth top of a freezer is an unsafe base on which to perform carpentry. And the court was justified in the apparent conclusion that the presence and participation of the contractor's foreman in plaintiff's work was sufficient to justify recovery on the claim over. The case having been made out under the Labor Law, there was no occasion for the requested charge of contributory negligence. (*Koenig* v. *Patrick Constr. Corp.,* 298 N. Y. 313.) As to the existence of intervening cause by plaintiff's failure to remove articles atop the freezer before working, "Whether or not he [plaintiff] tripped on the debris is unclear from the record" as is stated in the dissent. There was nothing to show that plaintiff's act of moving these articles for the ostensible purpose of getting them out of the way rendered the freezer any more unsafe as a scaffold, and they were on the freezer when plaintiff was directed so to use it. In any event, though charged to the jury, a finding of existence of intervening cause was not reflected in the verdict. All in all, on the evidence before it, the jury was entitled to find as it did and the verdict should be sustained. Concur — Markewich, J. P., Steuer and Capozzoli, JJ.; Kupferman and Lane, JJ., dissent in the following memorandum by Lane, J. We would reverse. Plaintiff was employed by the third-party defendant, Daca-Brinn, Inc., as a carpenter. He was helping to remodel the Union Square Deli-Store, owned by Nat Davis, the defendant and third-party plaintiff. Plaintiff was directed to complete the trim on top of a freezer, about eight feet above ground level. When plaintiff reached the top of the freezer, he noticed some debris there, consisting of a piece of tile, loose wire and a telephone book. He put these materials to the side of the freezer and began to cut some lumber by bracing it against his body as he was cutting it. He tripped and fell off the freezer hitting his head. Whether or not he tripped on the debris is unclear from the record. The complaint was based on negligence and hinted, but did not clearly state, a theory of violation of section

240 of the Labor Law. At the end of the case, the court charged the jury on the theory of violation of the Labor Law, and on the theory of negligence but did not touch upon contributory negligence. At the request of plaintiff's counsel, the court charged that the defense of contributory negligence was not available, and that only violation of section 240 of the Labor Law was to be considered. The court did adopt, however, a request to charge made orally by counsel for the defendant relating to intervening cause, viz., the removal of debris by the plaintiff from a portion of the freezer top. The jury found in favor of the plaintiff. Concededly, a violation of the Labor Law precludes a defense of contributory negligence, since it creates a statutory cause of action and imposes liability unrelated to negligence questions (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313). However, in the case at bar, plaintiff should have removed the debris from the area of his work before proceeding. His putting the debris slightly aside constituted a sufficient intervening cause to bar applicability of the Labor Law (cf. *Kluttz* v. *Citron*, 2 N Y 2d 379; *Italiano* v. *Jeffrey Garden Apts.*, 3 A D 2d 677, affd. 3 N Y 2d 977). On the issue of intervening cause, the testimony of plaintiff conflicts with that of defendant Davis. Plaintiff's version was that Davis directed him to hang the trim. Davis denies giving any directions. There was a foreman on the job, under contract, who was responsible for completion of the work according to plans submitted. Accepting Davis' version would preclude a charge relating to the Labor Law, since Davis gave plaintiff no directions. Even accepting plaintiff's version, however, the direction given was merely "permissive" and did not fall within the ambit of section 240 (cf. *Duda* v. *Rouse Constr. Corp.*, 32 N Y 2d 405). The only theory available, therefore, on the evidence extant in the case at bar is one of negligence, which of necessity also required a charge of contributory negligence. The argument that a scaffold should have been provided is obviated by the fact that the freezer work area was about as large as and more stable than a movable scaffold. Accordingly, the verdict should be set aside, and the case remanded for a new trial with costs to abide the event.