■ FRANK FORBES, JR., Respondent, v. ALVORD & SWIFT et al., Appellants, and MAR-ALIN CO., INC., Respondent. CHARLES L. WALLACE, INC., Third-Party Plaintiff-Appellant, v. EXPERT CONCRETE BREAKERS, INC., Third-Party Defendant-Respondent.— Interlocutory judgment of Supreme Court, New York County, entered May 24, 1973, adjudging, *inter alia,* that plaintiff have judgment against defendants Alvord & Swift ("Alvord"), the Port of New York Authority ("Authority"), and Charles L. Wallace, Inc. ("Wallace") and apportioning the liability among said defendants equally, modified, on the law and on the facts, to the extent of dismissing the complaint against Alvord and Authority. Except as so modified, said judgment is affirmed, without costs or disbursements. Defendant Authority engaged Alvord to install a new heating system in one of its hangars at La Guardia airport. Alvord retained Wallace to perform certain demolition, masonry, painting and other work. Wallace in turn engaged one subcontractor to remove the existing boiler equipment and ducts and another (plaintiff's employer) to take down the masonry walls in the boiler room. After the boilers had been disposed of (leaving several large holes in the mezzanine floor through which they extended), plaintiff and a coworker were instructed by Wallace's foreman to remove a masonry wall (where part of the duct work remained attached) on the mezzanine. Plaintiff was too short to reach a portion of the wall and stood aside while his coworker and Wallace's foreman tried to knock it down with a plank. They succeeded, but when it fell, the duct, which was also dislodged, struck a nearby ladder which in turn hit plaintiff, causing him to fall through one of the openings to the floor below. The trial court found all three defendants equally culpable for failure to comply with section 241 of the Labor Law and the former rule of the State Industrial Code relating to such hazard (12 NYCRR 23.3 [i]). Section 241 of the Labor Law, like section 200 thereof, has been construed as merely a codification of the common-law duty of owners and contractors to provide subcontractors and others lawfully on the premises with

a reasonably safe place to work or approach. (*Kelly* v. *Diesel Constr., Div. of Carl A. Morse, Inc.,* 70 Misc 2d 686, affd. 42 A D 2d 891; *Corbett* v. *Brown,* 32 A D 2d 27.) A party charged with liability must have notice, actual or constructive, of the unsafe condition and exercise sufficient authority over the work being performed to correct or avoid any unsafe condition. (*Schnur* v. *Shanray Constr. Corp.,* 31 A D 2d 513; *Reynolds* v. *John T. Brady & Co.,* 38 A D 2d 746.) In the case at bar the record is devoid of evidence that Authority or Alvord exercised any control over the work performed by Wallace or its subcontractors. Indeed the proof is to the contrary. Accordingly, under the circumstances of this case, neither Authority nor Alvord can be charged with a failure to provide plaintiff with a safe place to work. (*Rusin* v. *Jackson Hgts. Shopping Center,* 27 N Y 2d 103.) Moreover, even if the asserted violations of the Labor Law and Industrial Code were deemed nondelegable, so as to preclude dismissal of the complaint against Authority and Alvord, we would have modified the judgment to grant each of them full indemnification from Wallace. (*Rogers* v. *Dorchester Assoc.,* 32 N Y 2d 553; *Kelly* v. *Diesel Constr., Div. of Carl A. Morse, Inc., supra.*) Concur — Nunez, J. P., Murphy, Tilzer and Moore, JJ.; Kupferman, J., dissents in part and concurs in part in a memorandum as follows: I would affirm as to the judgment obtained by the plaintiff against the various defendants. However, as indicated in the last paragraph of the opinion of this court, I would have modified the judgment to grant indemnification to the defendants Alvord & Swift and the Port of New York Authority against the defendant Charles L. Wallace, Inc.