■ LEONARD J. PALMISANO, an Infant, by STEVE PALMISANO, His Parent and Natural Guardian, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 54604.) — Appeal from a judgment in favor of claimant, entered March 14, 1974, upon a decision of the Court of Claims. The infant claimant, age 17, confined to the New York State Vocational Institute at West Coxsackie, was injured on March 26, 1968 while working in the woodworking shop on a power machine known as a joiner-planer. He suffered the severance of part of one of his fingers. After a trial in the Court of Claims, judgment was rendered against the State in the sum of

$10,000. The State does not contest the amount of the award but bases its claim for reversal on the grounds that the State was not negligent and that the infant claimant was guilty of contributory negligence. Upon the conclusion of the evidence, the trial court found that the proximate cause of injury was the failure of the State to properly instruct the claimant in the use of the joiner, the State's failure to properly enforce its safety rule regarding "push sticks", and the State's failure to properly supervise work of the claimant. The trial court properly applied to the State the standard of care which is required under section 200 of the Labor Law to protect the health and safety of employees in the use of dangerous machinery (*Callahan* v. *State of New York*, 19 A D 2d 437, affd. 14 N Y 2d 665). It is obvious that there is an increased duty upon the State where the inmate of a correctional institution is young or inexperienced in the type of work in which he is engaged, particularly where such work involves use of dangerous equipment by a student (*Oakley* v. *State of New York*, 38 A D 2d 998, affd. 32 N Y 2d 773). The State thus had a duty in this case to instruct the inmate in the use of the machinery intrusted to him, as well as to warn him of any unusual risk which he might encounter (see *Simone* v. *Kirk*, 173 N. Y. 7). The instructor in the woodworking shop testified that he had instructed the claimant in the use of the joiner. However, the claimant testified that in all the time he operated the joiner he did not use "push sticks" since he had never been instructed in their use and had never seen them in the woodworking shop prior to his accident. The trial court resolved the questions of credibility in favor of the infant claimant, finding that, while claimant received some type of instruction regarding the use of the machinery in the woodworking shop, the court doubted whether any instructions were given by the State to the claimant as to the operation of the dangerous machine in question. While the claimant did have previous experience with some tools, the evidence is not sufficient to compel a finding of fact that he had had previous adequate experience on the machine on which he was injured. The court further found that although the State promulgated a rule of safety in the operation of the joiner which called for the use of push sticks, the State failed to enforce that rule or to properly supervise claimant's work. The record amply supports the findings of the trial court and the verdict should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main and Larkin, JJ., concur; Kane, J., dissents and votes to dismiss the claim in the following memorandum. Kane, J. (dissenting). I am unable to hold the State of New York responsible for the happening of this unfortunate accident. This claimant, as appears from his own testimony, was experienced in the use and operation of a joiner-planer. It is a power tool found in any high school industrial craft department and in most home workshops. In addition to the training claimant received while institutionalized, he had received prior training in high school and at the post-high-school level while a student at the Bronx Vocational Institute. Furthermore, claimant had obtained practical experience working with his father who had been teaching him the use of woodworking tools since childhood. The description of the accident, as given by claimant in writing, compels the conclusion that the sole proximate cause of his injury was his own carelessness in the use of power tools with which he was entirely familiar. To impose liability under these circumstances is to cast the State in the role of an insurer of the inmates at its institutions. Accordingly, I dissent and would grant the State's motion to dismiss the claim.