■ EDWARD RESSEL, as Father and Natural Guardian of THOMAS RESSEL, an Infant, et al., Appellants, v BOARD OF EDUCATION OF THE GREATER AMSTERDAM SCHOOL DISTRICT et al., Respondents.—Appeal (1) from a judgment of the Supreme Court, entered March 19, 1976 in Montgomery County, upon a verdict of no cause of action, and (2) from an order of that court denying plaintiffs' motion to set aside the verdict and for a new trial. Thomas L. Ressel, 16 years of age, lost the first joint of his right index finger in a shop accident at school while using a power saw. The trial court, in its charge, told the jury that the defendant board of education was negligent as a matter of law and marshalled the facts relating to the duties and conduct of defendant Sinicropi, the shop instructor, in a manner that would permit the jury to find that he too was negligent. However, the court admonished the jury that even if it found both defendants negligent it could only return a verdict favorable to plaintiffs if it also found that Thomas Ressel was free from any negligence that contributed to the happening of the accident. Plaintiffs now contend that the court, both in its charge and in its postverdict decision, erred as a matter of law in failing to charge and rule that section 200 of the Labor Law imposes absolute liability and, accordingly, the issue of the infant plaintiff's contributory negligence should not have been

given to the jury. We disagree. It has been consistently held that section 200 of the Labor Law only creates a general duty to protect the health and safety of employees or others lawfully frequenting the situs of an accident *(Rusin v Jackson Hgts. Shopping Center,* 27 NY2d 103; *Palmisano v State of New York,* 47 AD2d 692; *Employers Mut. Liab. Ins. Co. of Wisconsin v Di Cesare & Monaco Concrete Constr. Corp.,* 9 AD2d 379). Therefore, the court was correct in permitting the jury to pass upon the knowledge, experience and conduct of the 16-year-old plaintiff and, from the record, we cannot conclude that the jury's verdict was against the weight of the evidence. Judgment and order affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.