■ HORACE KENNEDY et al., Respondents, v WALTER McKAY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County (Pantano, J.), dated February 9, 1981, which, after a jury trial limited to the issue of liability only, was in favor of the plaintiffs and against him. Interlocutory judgment affirmed, with costs. Horace Kennedy (plaintiff) was an employee of Walter McKay Electrical Corp., of which defendant Walter McKay was president. The corporation had an office in the basement of a structure owned by defendant in his individual capacity. On the first floor of the structure was a store, vacant since early in 1975, which had been used as a butcher shop. One of the previous tenants had, with defendant's permission, installed a second-hand walk-in refrigerator box in a corner of the rear of the store. The box was made of wood and measured 10-feet square and 8 to 9 feet high. There were wires running up from the floor, along the outside wall and across the top of the box. The wires were encased in metal pipe. In about October of 1975, defendant began to remove the fixtures from the store in order to make it easier to rent. Plaintiff had disconnected a blower and removed a light and switch from inside the box and had ripped out some of the wiring, using his own personal tools. On January 12, 1976, defendant told plaintiff to work upstairs in his store for a few hours and to remove all wiring from the box. Plaintiff brought up his own tools, but there was a ladder in the store. In the course of his work, plaintiff used the ladder to reach the top of the box, upon which he climbed to remove some debris. After having disconnected a light and removed a blower from inside the box, plaintiff again climbed to the top to reach the pipe-encased wires, which, after running up the outside wall, ran across the top of the box. Shortly after he reached the top, plaintiff heard a loud noise and fell through the roof onto the floor of the box. Defendant had not given plaintiff any specific instructions on how to remove the wires and had not provided any tools or equipment other than the ladder. At the close of plaintiff's case, defendant moved for a directed verdict. The motion was denied. After both sides rested, the court charged the jury pursuant to sections 200 and 240 of the Labor Law, submitting special interrogatories to the jury and instructing them that a finding for plaintiff under either section must result in a verdict for plaintiff. Defense counsel duly objected to the charge under section 240. The jury returned a verdict for plaintiff, finding for him on both interrogatories. The court denied defense counsel's motion to set aside the verdict. The trial court should have dismissed plaintiff's claim based on section

200 of the Labor Law for failure to prove a prima facie case. Section 200 is a codification of the common-law duty of an employer to provide a safe workplace (see *Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp.,* 9 AD2d 379, 383). Liability does not attach under section 200 absent actual or constructive notice of the condition complained of (see *Miller v Perillo,* 71 AD2d 389, 391, app dsmd 49 NY2d 1044, mot for lv to app dsmd 51 NY2d 767; *Zaulich v Thompkins Sq. Holding Co.,* 10 AD2d 492, 496). The owner's duty to provide a safe place to work encompasses the duty to make reasonable inspections, but an owner's failure to do so will not conclusively establish liability unless a diligent inspection would have disclosed the defect that caused the worker's injury (see *Monroe v City of New York,* 67 AD2d 89, 96). In order to determine whether a diligent inspection would have disclosed the weakness in the top of the box, plaintiff had to prove the cause of the collapse of the roof. Plaintiff contends that the roof of the box collapsed because it was too weak; defendant contends plaintiff himself weakened the roof when he removed the blower from the inside of the box. All plaintiff proved at trial was that the roof collapsed and that he fell. A plaintiff may not recover when the jury has to speculate about various possible causes of an accident (see *Smith v Wisch,* 77 AD2d 619, mot for lv to app den 51 NY2d 709). Defendant also claims the court erred in charging the jury pursuant to section 240 of the Labor Law. Subdivision 1 of that section provides, in pertinent part: "All contractors and owners and their agents * * * who contract for but do not direct or control the work, in the erection, demolition, repairing, [or] altering * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Defendant argues that the refrigerator box was not a "device" within the meaning of the statute and that plaintiff failed to demonstrate that it was necessary for him to climb up onto the roof of the box to remove the wiring. Section 240 of the Labor Law should be liberally construed, given its purpose of maximizing the protection afforded workers engaged in dangerous occupations (see *Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585, 588). The old rule, that anything which constituted a part of the work itself could not at the same time constitute a scaffold within section 240 (see *Broderick v Cauldwell-Wingate Co.,* 301 NY 182, 187), appears to have given way to the extent that the work itself may now become part of the place to work and may fall within the statute (see *Lagzdins v United Welfare Fund-Security Div. Marriott Corp., supra,* p 588). In *Vicenty v Davis* (43 AD2d 534), the plaintiff fell from the top of a freezer on which he was standing to hang a partition. The Appellate Division upheld a jury verdict for the plaintiff, holding that "[t]here can be no quarrel with the jury's conclusion that the smooth top of a freezer is an unsafe base on which to perform carpentry." The premise that the freezer was being used as a scaffold within the meaning of section 240 is implicit in that holding. Plaintiff at bar testified that the wiring ran across the top of the box. The jury could have inferred from that testimony that he had to climb onto the top of the box because he could not reach the wiring from the ladder. The court properly charged the jury under section 240, and the jury was justified in returning a verdict for plaintiff on that ground. We have examined defendant's other contentions and find them to be without merit. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.