OPINION OF THE COURT
Joseph D. Mintz, J.
Third-party defendants Edward Metzger and Doris Metzger move for summary judgment pursuant to CPLR 3212 dismissing the third-party complaints of defendants Bethlehem Steel, A-T-O, Inc., and T.W. Truck Equippers. The third-party complaints are based upon alleged violations of sections 200,240 and subdivision 6 of section 241 of the Labor Law by third-party defendants as owners of the property upon which plaintiff’s decedent’s injuries occurred. Third-party defendants assert the inapplicability of these sections.
Section 200 of the Labor Law is a codification of the common-law duty of the owner or contractor to exercise reasonable care. (Rusin v Jackson Hgts. Shopping Center, 27 NY2d 103.) The Fourth Department distinguished section 200 and subdivision 6 of section 241 in Tilkins v City of Niagara Falls (52 AD2d 306), and explained that section 200 requires the owner “to prevent injuries to workmen arising from defects in the common ways or areas of the work of which the owner has notice. He is not obliged to supervise the contractor for the benefit of the employees nor does his obligation extend to protecting the employees from defects in the contractor’s plant, tools and methods”. (52 AD2d, at p 308.) Decedent’s injuries occurred while removing a tree from third-party defendants’ property. The defect, if any, alleged by plaintiff and third-party plaintiffs regards the equipment used to remove the tree, and not any defect on the land itself. As stated in Tilkins, an owner is liable under section 200 only for defects in the common ways or areas of the work, and not for any defects in the contractor’s equipment or for the negligence of the contractor. Since there are no allegations of any defect in the land *443 owned by third-party defendants, the cause of action based on section 200 must be dismissed.
Section 240 and subdivision 6 of section 241, unlike section 200 which covers any work dealt with by the Labor Law, extend only to owners and contractors in certain work operations. Section 240 applies to work performed in the “erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure”. As is clear from the statute, it was meant only to apply to work performed with regard to a building or structure and not to any construction, etc., not entailing a building or structure (compare with § 241, subd 6, which leaves out any reference to building or structure). The land being cleared at the time of decedent’s injuries was being prepared as a ground storage area so that the then storage space could be used for the erection of an annex to the building. Even if the readying of land for construction were to be considered part of the erection, etc., of a building or structure, the readying of land for storage space could not be considered part of the erection, etc., of a building or structure. This is the case even where, as third-party plaintiffs insist is the case here, the creation of the storage space is somehow necessary for construction to begin. Surely if the storage space were being done on another lot or in another town or State the creation of the storage space would be no less necessary for construction, and yet the application of section 240 to that other site would be quite improper. Here, too, the application of section 240 to the site being cleared for storage would be improper as any relation of the work performed to the erection, etc., of a building or structure would be too remote to be considered within section 240’s scope. Thus, the cause of action under section 240 must be dismissed as to third-party defendants.
Subdivision 6 of section 241 of the Labor Law, on the other hand, applies to work performed in regard to “construction, excavation or demolition”, and is not limited to the performance of such work with regard to buildings or structures. In Tilkins (supra), the Fourth Department decided that subdivision 6 of section 241 applies to all construction, demolition and excavation in holding that subdivision 6 of section 241 applies to the digging of a trench. *444 (See, also, Celestine v City of New York, 86 AD2d 592; Page v State of New York, 73 AD2d 479.) Consequently, work involving excavation (which includes the uprooting of trees) is within subdivision 6 of section 241 even though it has no relation to a building or structure.
Furthermore, subdivision 6 of section 241 applies to owners regardless of their control or lack of control over the operations of the general contractor. In Long v Forest-Fehlhaber (55 NY2d 154), the Court of Appeals made clear that owners’ duty under subdivision 6 of section 241 was nondelegable regardless of control, but that violation of Board of Standards and Appeals regulations was only evidence of negligence and was subject to any and all defenses including contributory and comparative negligence of the injured party.
Third-party defendants argue that they are not owners within the meaning of subdivision 6 of section 241, but that the lessors are the owners. The lessors may also be considered “owners” under this section since they do have a property interest; however, that does not relieve third-party defendants’ duties. In Celestine (supra), the court held that an owner was liable under subdivision 6 of section 241 even though the property upon which the injury occurred was subject to an easement. Both the owner and the easement holder were liable. Therefore, subdivision 6 of section 241 applies to third-party defendants. However, it is up to third-party plaintiffs to establish at trial any violation of regulations promulgated under that section and that such violation was the proximate cause of injury, and will be subject to any and all defenses.
For the foregoing reasons, third-party plaintiffs’ complaints are dismissed as to any claims under sections 200 and 240 of the Labor Law, but are not dismissed as to any claims under subdivision 6 of section 241 of the Labor Law.