opinion of the court
Joseph D. Mintz, J.
Third-party defendants Edward Metzger and Doris *797 Metzger move for reargument of their motion for summary-judgment, pursuant to CPLR 2221 and 3212, dismissing the third-party complaints of Bethlehem Steel Corporation, A-T-O, Inc., and T. W. Truck Equippers, Inc. Movants earlier applied for summary judgment and this court rendered its decision by memorandum dated March 8, 1983 (118 Misc 2d 441). Movants now argue: (1) they are not liable as “owners” within the purview of subdivision 6 of section 241 of the Labor Law; (2) they are not liable under section 3.1 et seq. of the Rules of the Board of Standards and Appeals (12 NYCRR); (3) they are not liable as property owners based on common law; and (4) Doris Metzger, individually, is not liable for common-law negligence. Third-party defendants’ motion for reargument is granted.
(1) Subdivision 6 of section 241 of the Labor Law
In support of movants’ interpretation of subdivision 6 of section 241 of the Labor Law, they allege that this court misread Sweeting v Board of Coop. Educational Servs., 83 AD2d 103, mot for lv to opp den 56 NY2d 503). This court’s previous decision, however, is clearly consistent with Sweeting (supra), as well as with Long v Forest-Fehlhaber (55 NY2d 154); Russin v Picciano & Son (54 NY2d 311); Allen v Cloutier Constr. Corp. (44 NY2d 290); and Celestine v City of New York (86 AD2d 592).
Furthermore, Sweeting (supra) has not been interpreted by any courts as movants argue herein. Contrary to their assertion, Sweeting did not hold that an owner who does not have the right to control the work is exculpated from subdivision 6 of section 241 liability. Instead, Sweeting cited Allen (supra) in holding “that an owner is liable under section 241 whether or not that owner exercises control”. (83 AD2d, at p 113.) The Sweeting opinion then explained that the trial court erred, but that its errors were harmless. (Supra, at pp 113-114.)
Accordingly, this court held that: (1) an owner is absolutely liable so that an owner’s duty is nondelegable regardless of control, as per Allen (supra), and Long (supra); (2) lessors as well as lessees may be considered owners, as per Celestine (supra); and (3) any and all defenses, including contributory and comparative negligence, may be asserted in connection with section 241 *798 liability, as per Long (supra). (See, also, Halftown v Triple D Leasing Corp., 84 AD2d 794.) This court thus stands by its earlier decision.
As further support for movants’ position, they urge that the memorandum decision of the Honorable Rudolph U. Johnson (affd without opn 75 AD2d 984, mot for lv to opp den 52 NY2d 703) constitutes the law of the case. Judge Johnson clearly stated, however, that his decision rested on the statutory bar of the Workers’ Compensation Law. In addition, none of the parties argued in their briefs to Judge Johnson or to the appeals courts that the lease did or did not sever movants’ control and ownership rights. Law of the case is thus inapplicable.
(2) 12 NYCRR 3.1 et sea.
Movants allege that they have no liability based on section 3.1 et seq. of the Rules of the Board of Standards and Appeals (12 NYCRR) because said rules relate solely to tree or brush cutting or removal around or near power lines or facilities. The other parties apparently agree.
(3) Property owners — common law and (4) Doris Metzger — common-law negligence
Movants allege they (a) they are not liable as property owners based on common law and (b) Doris Metzger is not liable for common-law negligence. This court hereby rules against movants on both issues. Questions of fact exist as to the capacity in which the parties are sued. Doris Metzger was ERSCO’s president and sole stockholder, Edward Metzger was ERSCO’s employee, and both owned the realty leased by ERSCO and on which the accident at issue occurred. Doris Metzger as an owner may be liable under subdivision 6 of section 241 of the Labor Law regardless of her knowledge of ERSCO’s operations.