■ Robert Laterra, Appellant, v Rockville Centre Union Free School District, Defendant and Third-Party Plaintiff-Respondent. Industrial Temperature Systems, Inc., Third-

Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered December 18, 1990, as denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the plaintiff's motion for partial summary judgment on the issue of liability is granted.

The plaintiff was injured when he fell from a boiler, which he was using as a scaffold in order to remove the boiler ducts above it. He moved for partial summary judgment on the issue of liability, asserting that the defendant had violated Labor Law § 240 (1) by failing to provide any safety devices to protect him from such a fall, and that such a violation places absolute liability on the defendant. The defendant contends that questions of fact exist as to whether Labor Law § 240 (1) is applicable, and as to whether the violation of the statute, if any, was the proximate cause of the injuries. We disagree.

First, the boiler was being used as a scaffold. Therefore, the present action falls within the provisions of Labor Law § 240 (1) *(see, e.g., Kennedy v McKay,* 86 AD2d 597; *Vicenty v Davis,* 43 AD2d 534).* Furthermore, the plaintiff has established that he was engaged in the performance of his work at the time he fell from the elevated worksite, and it is uncontested that no safety devices or safeguards "to give proper protection to a person so employed" (Labor Law § 240 [1]; *see, Bland v Manocherian,* 66 NY2d 452) were provided. Since the plaintiff established both a violation of the statute and that the violation was a proximate cause of his injuries, he is entitled to judgment as a matter of law on the issue of liability *(see,* Labor Law § 240 [1]; *Bland v Manocherian, supra; Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Bulson v 1929 Assocs.,* 152 AD2d 529). Bracken, J. P., Sullivan, Rosenblatt and Copertino, JJ., concur.