■ AUGUSTUS RICHARDSON, Respondent, v JOSEPH MATARESE et al., Appellants, et al., Defendant. (And Third-Party Actions.) (Action No. 1.) WILLIAM STANLEY, Respondent, v JOSEPH MATARESE et al., Appellants, et al., Defendant. (And Third-Party Actions.) (Action No. 2.) [614 NYS2d 424] —In two related actions to recover damages for personal injuries, Joseph Matarese, Michael Matarese, and the Mandella Company, defendants third-party plaintiffs in both actions, appeal from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated October 23, 1992, as granted the plaintiffs' joint motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, with costs, and the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) is denied.

The plaintiffs, employees of third-party defendant LMH Construction Company, were injured while attempting to move an 800 pound radiator across a plywood floor on the third floor of a building which the defendants third-party plaintiffs (hereinafter defendants) were renovating. As they moved the radiator across the floor, a set of beams underneath them disengaged from a header and the floor collapsed, sending the plaintiffs and the radiator to the floor below. There was evidence that the floor was not properly supported when the plaintiffs moved the radiator across it.

The collapse of the floor constituted a prima facie violation of Labor Law § 240 (1) (see, Dick v Gates Constr. Corp, 146 AD2d 953; Lagzdins v United Welfare Fund-Sec. Div., 77 AD2d 585). We find no merit to the defendants' contentions that Labor Law § 240 (1) is not implicated because the plaintiffs

were injured as the result of the collapse of a permanent, rather than a temporary structure *(see, Frierson v Concourse Plaza Assocs.,* 189 AD2d 609; *Collins v County of Monroe Indus. Dev. Agency [COMIDA],* 167 AD2d 914; *Kennedy v McKay,* 86 AD2d 597), or as the result of the collapse of the work site itself, rather than a safety device enumerated in Labor Law § 240 (1) *(see, Hagins v State of New York,* 81 NY2d 921; *Kennedy v McKay, supra,* at 597).

However, there was evidence that the plaintiffs were instructed to break up the radiator and throw the pieces out the window. Instead, the plaintiffs decided to remove the radiator in one piece, and did so by turning it end over end, allowing at least some of the 800 pound weight of the radiator to hit the floor. Given this evidence, there is an issue of fact as to whether a violation of Labor Law § 240 (1) was a proximate cause of the plaintiffs' injuries *(see, Styer v Vita Constr.,* 174 AD2d 662; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Mangano, P. J., Altman, Hart and Florio, JJ., concur.