**Edward J. MINALL and Marilyn Minall, Plaintiffs,**

v.

**PYRAMID, INC. and PCM Development Company, Defendants.**

**PCM DEVELOPMENT COMPANY, Defendant and Third–Party Plaintiff,**

v.

**CLAYTON B. OBERSHEIMER, INC., Third–Party Defendant.**

**CLAYTON B. OBERSHEIMER, INC., Fourth–Party Plaintiff,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY, Fourth–Party Defendant.**

No. 92 CIV 3479 (VLB).

United States District Court, S.D. New York.

Feb. 1, 1995.

William E. Weber, Weber & Weber, Hauppauge, NY, for plaintiffs.

M. William Munno, Seward & Kissel, New York City, for defendants.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This action based on diversity of citizenship arises out of a November 1991 construction site accident in which plaintiff Edward J. Minall fell and injured himself on a muddy device known as a "scissors jack" in the course of his employment. The construction took place at a mall owned by defendant PCM Development Company ("PCM"), under the overall general supervision of defendant Pyramid, Inc. ("Pyramid"). The work was conducted directly by plaintiff Minall's then employer, third-party defendant Clayton B. Obersheimer, Inc. (the "employer").

Plaintiffs allege that the cause of the accident was the muddy condition of the work site, a contention not contradicted by defendants. Plaintiffs also contend that defendants' failure to remedy the muddy condition at the work site constituted not only negligence, but also violated N.Y. Labor Law Sections 200, 240(1) and 241(6); these latter contentions are disputed.

Both PCM and Pyramid have moved under Fed.R.Civ.P. 56 for summary judgment dismissing all plaintiffs' claims. The motion is granted as to plaintiffs' claim under N.Y. Labor Law Section 240(1). The motion is denied with respect to the claims for negligence and violation of N.Y. Labor Law Sections 200 and 241(6).

### II

The plaintiffs' claim against PCM and Pyramid for violation of N.Y. Labor Law 200 is substantively the same as his claim for negligence. Section 200 is a codification of the existing common law negligence principle that an employer has a duty to provide employees a safe place to work. *Rusin v. Jackson Heights Shopping Center,* 27 N.Y.2d 103, 313 N.Y.S.2d 715, 261 N.E.2d 635 (1970); *Nagel v. Metzger,* 103 A.D.2d 1, 478 N.Y.S.2d 737 (1984); *Kennedy v. McKay,* 86 A.D.2d 597, 446 N.Y.S.2d 124 (1982); *Bein v. City of New York,* 271 F.Supp. 542 (S.D.N.Y.1967); *Schultis v. Waterbury Co.,* 152 A.D. 416, 137 N.Y.S. 352 (1912). Though a violation of section 200 does not constitute negligence per se, it does provide evidence of negligence. *Wolff v. Fulton Bag,* 185 A.D. 436, 173 N.Y.S. 75 (1918); *Schultis v. Waterbury Co.,* 152 A.D. 416, 137 N.Y.S. 352 (1912); *Gelder v. International Ore Treating Co.,* 150 A.D. 184, 134 N.Y.S. 782 (1912). Therefore, to decide the motion for summary judgment

on the § 200 claim is the equivalent of ruling on the parallel motion as to plaintiffs' negligence claim.

 N.Y. Labor Law § 200 imposes a duty on owners and general contractors to provide a safe place to work. *Rusin v. Jackson Heights Shopping Center*, 27 N.Y.2d 103, 313 N.Y.S.2d 715, 261 N.E.2d 635 (1970); *Nagel v. Metzger*, 118 Misc.2d 441, 460 N.Y.S.2d 700 (1983), modified on other grounds 103 A.D.2d 1, 478 N.Y.S.2d 737 (1984). To breach this duty, the defendant must have supervisory control over the work premises and actual or constructive notice of the unsafe condition which proximately causes the employee's injury. *Kennedy v. McKay*, 86 A.D.2d 597, 446 N.Y.S.2d 124 (1982); *Monroe v. City of New York*, 67 A.D.2d 89, 414 N.Y.S.2d 718 (1979); *Forbes v. Alvord & Swift*, 44 A.D.2d 538, 353 N.Y.S.2d 749 (1974); *Kelly v. Diesel Const.*, 70 Misc.2d 686, 334 N.Y.S.2d 309, affirmed 35 N.Y.2d 1, 358 N.Y.S.2d 685, 315 N.E.2d 751 (1974); *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 827 F.Supp. 1014 (S.D.N.Y.1993).

While PCM and Pyramid dispute they possessed either supervisory control or notice of the muddy condition, there is evidence which tends to prove differently. Neither PCM nor Pyramid dispute the fact that plaintiff previously asked his supervisor to lay gravel down to help remedy the muddy site. PCM and Pyramid do not dispute that they employed an inspector to ensure the work site was safe.

While neither of these facts alone establish that PCM or Pyramid had control or notice, they are sufficient to create a genuine issue of material fact which precludes summary judgment.

### III

N.Y. Labor Law § 241(6) requires construction areas be operated and conducted so as to provide reasonable protection and safety to employees. Consequently, owners and contractors have a non-delegable duty to provide workers engaged in construction work with certain safeguards.

As stated above, there is a genuine issue of material fact as to whether PCM or Pyramid knew of the muddy condition and failed to remedy it. If they had notice of the muddy condition, they would be liable under § 241(6) since the failure to remedy the mud would be a failure to provide reasonable protection to work site employees. As such, the claim under N.Y. Labor Law § 241 is not a proper one for dismissal on summary judgment.

**SO ORDERED.**