■ PETER J. MANTOVI, Plaintiff, v NICO CONSTRUCTION Co., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. P.M. SYSTEMS, INC., Third-Party Defendant-Appellant. (And Related Actions.) [629 NYS2d 486] —In an action to recover damages for personal injuries, the third-party defendant P.M. Systems, Inc., appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated May 19, 1994, which denied its motion for summary judgment dismissing the third-party complaint and any cross claims asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint and any cross claims asserted against P.M. Systems, Inc., are dismissed.

Contrary to the contentions of the parties opposing the appellant's motion for summary judgment, there is no evidence that the appellant created the defective condition that alleg-

edly caused the plaintiff's injury. Moreover, there is no evidence that the appellant had actual or constructive notice of the defect. Absent notice, there can be no liability pursuant to Labor Law § 200 (1) (*see, Kennedy v McKay*, 86 AD2d 597). Further, liability cannot be based on Labor Law § 241 (6) since there are no allegations in the record that the appellant violated the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Consequently, the Supreme Court erred by denying the appellant's motion for summary judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.