■ NATHAN SOBELMAN, Appellant, v NORSTAR BANK, Respondent, and PAVARINI CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Respondent. S&L CONCRETE CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. [641 NYS2d 39] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Sherwood, J.), dated October 13, 1994, which is in favor of the defendants and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court did not err by dismissing the complaint after the close of the plaintiff's evidence. Although the plaintiff testified that he stepped in a depression on a sand walkway and twisted his back while carrying a 90-pound wall panel, the evidence is insufficient to establish a violation of a specific provision of the Industrial Code (12 NYCRR 1.0 et seq.). Thus, it does not support a claim pursuant to Labor Law § 241 (6) (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). Moreover, since the plaintiff failed to show that the defendants had actual or constructive notice of the condition that allegedly caused his injuries, there is no basis for liability under Labor Law § 200 (see, Mantovi v Nico Constr. Co., 217 AD2d 650; Kennedy v McKay, 86 AD2d 597). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.