**Salvatore ARGENTO, Plaintiff,**

v.

**AIRBORNE FREIGHT CORPORATION and Local 851, International Brotherhood of Teamsters, AFL–CIO, Defendants.**

**No. 96 Civ. 3510 (JGK).**

United States District Court,
S.D. New York.

July 31, 1996.

Allen M. Schwartz, New York City, for plaintiff.

Kyle Flaherty, Robinson Silverman Pearce Aronsohn & Berman LLP, New York City, for defendant Local 851.

Eric Simon, Kreitzman, Mortensen & Simon, New York City, for defendant Airborne.

### OPINION AND ORDER

KOELTL, District Judge:

Plaintiff Salvatore Argento sues Airborne Freight Corporation ("Airborne") and Local 851, International Brotherhood of Teamsters ("Local 851") for negligence, alleging that the plaintiff's spouse became addicted to drugs during the course of her employment at Airborne. Local 851 moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Local 851 asserts that it owes no duty to the plaintiff to ensure a safe workplace for the plaintiff's spouse. For the reasons set forth below, Local 851's motion to dismiss the plaintiff's complaint is granted as to it and the plaintiff's complaint against Local 851 is dismissed with prejudice.

### I.

■ For the purposes of a motion to dismiss, this Court must, and does, accept as true all the factual allegations contained in the complaint. *See Leatherman v. Tarrant*

*County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993).

This action was commenced by Mr. Argento on March 1, 1996 in New York State Supreme Court and thereafter was removed to this Court. Mr. Argento named as defendants Airborne and Local 851. Local 851 is a labor union representing various Airborne employees. Local 851 has a collective bargaining agreement with Airborne that covers the Airborne employees it represents. Mr. Argento's wife, Debra Ann Argento, an Airborne employee and union member, allegedly received Local 851's assistance in entering a drug and alcohol abuse rehabilitation program after she informed Local 851 that she had a substance abuse problem.

In his complaint Mr. Argento alleged that Airborne and Local 851 caused him irreparable physical, emotional and financial harm by failing to provide a safe workplace for his wife. Specifically, Mr. Argento alleged that the defendants breached their duty of care towards Ms. Argento by creating a work environment where drugs were easily accessible. Further, he contended that Airborne and Local 851 should have informed him of his wife's problem and consulted with him with respect to his wife's treatment. In the course of responding to the current motion, Mr. Argento advised the Court that he is a former Airborne employee who is now retired. He is currently separated from his wife and they are in the midst of divorce proceedings. Ms. Argento has not filed any claims against either of the defendants.

### II.

■ A district court may only grant a motion to dismiss if, after viewing the complaint in the light most favorable to the plaintiff, it is clear beyond doubt that the plaintiff can prove no set of facts in support of his claim. *See Walker,* 974 F.2d at 298. This is such a case.

■ Mr. Argento's counsel made clear at oral argument that Mr. Argento seeks to

recover only under a common law negligence theory and that is the only claim stated in the complaint. Mr. Argento's complaint, however, explicitly refers to the collective bargaining agreement. (Compl. ¶ 4). The Supreme Court has held that a claim against a union that requires reference to a collective bargaining agreement for its resolution is preempted by federal labor law. *See International Brotherhood of Electrical Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 862, 107 S.Ct. 2161, 2168, 95 L.Ed.2d 791 (1987).[1] *See also United Steelworkers of America, AFL–CIO–CLC v. Rawson*, 495 U.S. 362, 370–372, 110 S.Ct. 1904, 1910–1911, 109 L.Ed.2d 362 (1990). A party may not attempt to avoid preemption by characterizing the duties a union has assumed under a collective bargaining agreement as state-law tort duties. *See Rawson* 495 U.S. at 372, 110 S.Ct. at 1911. To the extent that Mr. Argento alleges that Local 851 assumed a duty to provide a safe workplace for Airborne employees pursuant to its collective bargaining agreement with Airborne, federal labor law applies. Under federal labor law, Mr. Argento has no claim.

■■■■ Under federal law, a union owes a duty of fair representation to its members. *See Rawson*, 495 U.S. at 372, 110 S.Ct. at 1911. A union may assume additional responsibilities towards its employees by accepting a duty of care through a collective-bargaining agreement. *Id.* at 374, 110 S.Ct. at 1912. Only the union and the employer, however, are signatories to the collective-bargaining agreement. An employee claiming that a union owes him an additional duty under the collective-bargaining agreement must be able to point to language in the agreement "specifically indicating an intent to create obligations enforceable against the union by the individual employees." *Id.* Mr. Argento's claim can only succeed if he can point to specific language in the collective-bargaining agreement between Airborne and Local 851 that indicates that Local 851 assumed a duty to provide a safe workplace for Airborne employees. Mr. Argento does not point to any such language in his complaint.[2] Furthermore, even if Local 851 had assumed a duty that extended to Mr. Argento pursuant to the collective-bargaining agreement, under federal labor law, Mr. Argento would be required to exhaust the grievance procedures provided by the agreement before bringing this action. *See Dougherty v. American Telephone and Telegraph Co.*, 902 F.2d 201, 203 (2d Cir.1990) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563, 96 S.Ct. 1048, 1055–56, 47 L.Ed.2d 231 (1976)). Mr. Argento has conceded that he did not file any grievance with Local 851.[3] Under federal law, therefore, Mr. Argento's claim against the union cannot proceed.

### III.

■■■■ A state-law tort claim that does not require an interpretation of the collective bargaining agreement is "independent" and

1. Preemption occurs pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which provides in relevant part:

   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties.

2. Even if Mr. Argento were able to point to such language, such a duty would extend only to Mr. Argento's wife and not to Mr. Argento, who conceded he is not an Airborne employee. Local 851 has submitted a copy of the collective bargaining agreement with its papers. If Mr. Argento had relied on the collective bargaining agreement to support his claim, it would have been appropriate to consider that agreement on a motion to dismiss. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773–774 (2d Cir.1991). There is nothing in the collective bargaining agreement to support the duty that Mr. Argento asserts. It is not necessary to reach the text of the agreement, however, because Mr. Argento specifically rejected reliance upon the collective bargaining agreement in an apparent attempt to avoid federal preemption and the plain teaching of the Supreme Court cases which do not support his claim.

3. Mr. Argento stated in the course of the motion that he is retired and no longer a union member. He also stated that he was unable to file a grievance because he was not issued a "withdrawal card" when he retired. Rather than supporting Mr. Argento's claim this explanation provides support for its dismissal. Mr. Argento is not a union member and has not alleged any special relationship between Local 851 and himself which would give rise to a legal duty of care to him.

is not preempted by federal law. *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988). To the extent that Mr. Argento seeks recovery solely upon the basis of a common law negligence theory, alleging that Local 851 owed Airborne employees a duty of care to provide a safe workplace independent of the collective bargaining agreement, federal labor law does not apply. Nevertheless, even under common law, Mr. Argento's claim against the union cannot proceed.

Under common law, it is the employer, and not a labor union, that owes employees a duty to exercise reasonable care in the workplace. *See Hechler*, 481 U.S. at 859, 107 S.Ct. at 2166–67. This is also the law of New York State. *See* Labor Law, § 200 (McKinney 1986). *See also Widera v. Ettco Wire and Cable Co.*, 204 A.D.2d 306, 307, 611 N.Y.S.2d 569, 570 (A.D.2d Dept. 1994) ("under common law, an employer had the duty to provide employees with a safe workplace"); *Minall v. Pyramid, Inc.*, 875 F.Supp. 228 (S.D.N.Y.1995) ("Section 200 [of the N.Y. Labor Law] is a codification of the existing common law negligence principle that an employer has a duty to provide employees a safe place to work."). Moreover, this duty has not been extended to encompass individuals who are not employees or employed at the worksite. *Widera*, 204 A.D.2d at 307, 611 N.Y.S.2d at 571.

In the present case, under common law, Mr. Argento is at least two steps removed from any recovery against Local 851. There is no support for the proposition that the union owed a common law duty to provide a safe workplace. In addition, there is no support for the proposition that any such duty would extend to a non-employee such as Mr. Argento. In the absence of a duty of care, Local 851 cannot be held liable for harm allegedly suffered by Mr. Argento. *See Widera*, 204 A.D.2d at 307, 611 N.Y.S.2d at 571. Accordingly, Mr. Argento's claim against Local 851, to the extent that it alleges that Local 851 caused Mr. Argento harm by breaching a common law duty of care to his wife, must be dismissed.

### IV.

Finally, during oral argument Mr. Argento tried to assert a new state-law claim, loss of consortium, arguing that because the claim is independent of the collective bargaining agreement, it is not preempted by federal law. *See Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 802–803 (6th Cir.1990). In New York, however, loss of consortium is a derivative claim to the extent that it is not cognizable unless the defendant is liable to the injured spouse whose injury in turn caused the spouse to suffer. *See Hassanein v. Avianca Airlines*, 872 F.Supp. 1183, 1190 (E.D.N.Y.1995); *Siskind v. Norris*, 152 A.D.2d 196, 198, 548 N.Y.S.2d 160, 162 (1st Dept.1989). As explained above, under New York law Local 851 has no duty towards Ms. Argento to ensure her safety in the workplace, nor did it assume such a duty under the collective bargaining agreement. Because it had no duty to Ms. Argento, Local 851 could not be liable to Mr. Argento. Therefore, Mr. Argento's loss of consortium claim against it must fail.

### CONCLUSION

For all of the foregoing reasons, Local 851's motion for dismissal of the plaintiff's complaint for failure to state a claim is **granted** and the plaintiff's complaint is dismissed with prejudice as to it.

**SO ORDERED.**

