■ JOHN RIZZUTO, Appellant, v L.A. WENGER CONTRACTING Co., INC., Repondent. [656 NYS2d 889] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered May 17, 1996, as, upon an order of the same court dated April 19, 1996, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint. The plaintiff's notice of appeal from the order dated April 19, 1996, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly dismissed the Labor Law § 200 and common-law negligence causes of action, as the evidence establishes that the defendant did not create or have actual or constructive notice of any dangerous condition which may have caused the accident *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Sobelman v Norstar Bank,* 226 AD2d 444; *Lesman v Weinrib,* 221 AD2d 601; *Mantovi v Nico Constr. Co.,* 217 AD2d 650). Moreover, the defendant did not direct and control the work giving rise to the plaintiff's injury *(see, Jacobsen v Grossman,* 206 AD2d 405).

The Labor Law § 241 (6) cause of action, which was premised upon a violation of 12 NYCRR 23-1.7 (d), was also properly dismissed, as the evidence demonstrates that the defendant did not have actual or constructive notice of any dangerous condition which may have caused the accident *(see, McCague v Walsh Constr.,* 225 AD2d 530). Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.