■ ANTHONY PERRINI et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. UNDER-

GROUND UTILITIES, INC., Third-Party Defendant-Appellant. [694 NYS2d 401] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, and the third-party defendant separately appeals, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 7, 1998, as (1) denied those branches of their respective motions for summary judgment which were to dismiss the cause of action premised upon a violation of Labor Law § 241 (6), and (2) granted that branch of the plaintiffs' cross motion which was to amend the complaint and bill of particulars to allege a violation of 12 NYCRR 23-1.7 (b) (1).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the respective motions of the defendant and the third-party defendant which were for summary judgment dismissing the cause of action premised upon a violation of Labor Law § 241 (6) are granted, that cause of action is dismissed, and that branch of the plaintiffs' cross motion to amend the complaint and bill of particulars to allege a violation of 12 NYCRR 23-1.7 (b) (1) is denied.

The Supreme Court erred in granting the plaintiffs' request to amend the complaint and bill of particulars to allege a violation of 12 NYCRR 23-1.7 (b) (1). While it is well settled that leave to amend shall be freely given in the absence of prejudice to the opponent (*see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957), permission to amend should be denied where the proposed amendment clearly lacks merit (*see, Parisi v Leppard,* 237 AD2d 419; *ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp.,* 221 AD2d 417; *McKiernan v McKiernan,* 207 AD2d 825). Since both the hazardous condition contemplated by 12 NYCRR 23-1.7 (b) (1) and the safety precautions mandated therein are clearly inapplicable to the situation presented in this case, the proposed amendment patently lacks merit and permission to amend should have been denied (*see generally, Finch v Conrail,* 241 AD2d 952; *Farrell v Dick Enters.,* 227 AD2d 956).

Furthermore, the respective motions of the appellants for summary judgment dismissing the plaintiffs' claim based on a violation of Labor Law § 241 (6) must be granted, since the plaintiffs failed to allege the violation of a specific applicable safety regulation in support thereof (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Sobelman v Norstar Bank,* 226 AD2d 444). Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.