■ RUTH C.M. DE JARA et al., Respondents, v 44-14 NEW-TOWN ROAD APARTMENT CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. S&W PAINTING AND EXTERIOR RESTORATION, INC., Third-Party Defendant-Respondent. [763 NYS2d 654] —In an action to recover damages for personal injuries and wrongful death, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Thomas, J.), dated June 29, 2001, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on damages, and (2) a judgment of the same court entered March 22, 2002, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on their Labor Law § 240 (1) cause of action, the denial of the motion of the defendants third-party plaintiffs for judgment on the third-party complaint, and the granting of the motion of the third-party defendant pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party complaint, and upon a jury verdict on damages awarding the plaintiffs $600,000 for the pain and suffering of the plaintiffs' decedent, $19,600 for past pecuniary loss, $154,500 for future pecuniary loss, and $42,876 for medical and funeral expenses, is in favor of the plaintiffs and against them in the principal sum of $816,976.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof

awarding damages for pain and suffering, and substituting therefor a provision severing that cause of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for pain and suffering from the sum of $600,000 to the sum of $100,000, and to the entry of an appropriate amended judgment; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This action arises out of an accident which occurred when the plaintiffs' decedent fell from a fourth-story fire escape while working at a building owned by the appellant 44-14 Newton Road Apartment Corporation and managed by the appellant GAM Holding Corp. The appellants hired the decedent's employer, the third-party defendant S&W Painting and Exterior Restoration, Inc. (hereinafter S&W), to paint all of the building's fire escapes. While performing the work, the decedent leaned over a railing to paint the outside of one of the fire escapes. The railing broke and he fell to the ground, sustaining fatal injuries. The plaintiffs subsequently commenced this action alleging, inter alia, a violation of Labor Law § 240 (1). The appellants commenced a third-party action against S&W for contribution and indemnification. At the close of evidence, the Supreme Court granted the plaintiffs' motion for judgment as a matter of law on the issue of liability on their Labor Law § 240 (1) cause of action, denied the appellants' motion for judgment on their third-party complaint, and granted S&W's motion for judgment as a matter of law dismissing the third-party complaint. Thereafter, the jury rendered a verdict on damages.

The Supreme Court properly granted the plaintiffs' motion. The evidence that the decedent's fall was caused by the collapse of the safety device upon which he was working established a prima facie case of liability under Labor Law § 240 (1)

(see *Dos Santos v State of New York,* 300 AD2d 434 [2002]; *Pineda v Kechek Realty Corp.,* 285 AD2d 496 [2001]). Contrary to the appellants' contention, the Supreme Court properly declined to submit a recalcitrant worker defense to the jury, as there was no evidence that the decedent refused to use any additional safety devices provided to him and available at the work site on the day of the accident (see *Lightfoot v State of New York,* 245 AD2d 488 [1997]; *Davis v Board of Trustees of Hicksville Pub. Lib. of Hicksville Union Free School Dist.,* 240 AD2d 461 [1997]). Further, Labor Law § 240 (1) is applicable to this accident. The fire escape was being used as the functional equivalent of a scaffold to protect the decedent from elevation-related risks and therefore constituted a safety device within the meaning of Labor Law § 240 (1). The fact that the fire escape was a permanent rather than temporary structure does not preclude Labor Law § 240 (1) liability (see *Aiello v Rockmor Elec. Enters.,* 255 AD2d 470 [1998]; *Ciraolo v Melville Ct. Assoc.,* 221 AD2d 582 [1995]; *Richardson v Matarese,* 206 AD2d 353 [1994]; *Laterra v Rockville Centre Union Free School Dist.,* 186 AD2d 789 [1992]; *Kennedy v McKay,* 86 AD2d 597 [1982]).

The Supreme Court also properly dismissed the third-party complaint, as there was insufficient evidence from which a rational jury could find that S&W was negligent or that its negligence was a proximate cause of the decedent's fall (see *Diamond v Bank of N.Y.,* 199 AD2d 65 [1993]).

The damages awarded for the decedent's conscious pain and suffering are excessive to the extent indicated (see CPLR 5501 [c]).

The appellants' remaining contentions are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.