■ NICHOLAS DeTOMMASO, Respondent, v M. J. FITZGERALD

CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. NEW YORK TIMES CORPORATION, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Berkowitz, J.), entered June 18, 1986, as, after a jury trial, (1) adjudged that it was liable to the plaintiff, and (2) granted the motion by the third-party defendant for dismissal of all claims against it.

Ordered that the judgment is modified, on the law, by dismissing the complaint in its entirety; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

As part of a renovation project to be performed at the premises of the third-party defendant, the New York Times Corporation (hereinafter Times), the defendant third-party plaintiff, M. J. Fitzgerald Construction Corp. (hereinafter Fitzgerald), ordered a solid wood door which was laminated on the outside with steel. When the door was delivered, Fitzgerald's employee placed it against a wall in a storeroom where it remained for some three weeks. While the plaintiff, a Times employee, was removing a load of fans on a movable cart from the storeroom, the door fell on top of him, causing him injury.

During the course of the trial, the plaintiff's expert, in response to a hypothetical question, stated that he assumed that the door had been bumped into repeatedly over the three-week period during which it had been in the storeroom, causing it to become unstable. However, there was no testimony adduced at trial indicating that the door had in fact been bumped into. Recognizing the problem, the trial court instructed the jury to disregard the expert's testimony as to "something striking the bottom of the door". The court thereafter instructed the jury in its charge that they could reject an expert's opinion if they found the facts to be different from those which formed the basis for his opinion.

The opinion of the plaintiff's expert, which was based on facts dehors the record, was inadmissible and should have been stricken since "[i]t is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725, citing Cassano v Hagstrom, 5 NY2d 643, 646, rearg denied 6 NY2d 882; O'Shea v Sarro, 106 AD2d 435). Such error was not cured by the trial court's subsequent instructions. Moreover, absent any proof as to the

cause of the door's falling, the plaintiff has failed to make out a prima facie case (see, Nicastro v Park, 113 AD2d 129).

Contrary to the plaintiff's contention, liability on the part of Fitzgerald cannot be predicated on Labor Law § 241 (6) since the work in question was renovation rather than construction, demolition or excavation (see, Keefner v City of Albany, 77 AD2d 747, lv denied 52 NY2d 704). Renovation was to be performed in an area 20 feet away from the site of the accident and was not underway at the time of the accident. The storeroom where the accident occurred was not within the immediate renovation site nor was the door an integral part of the renovation work (see, Sprague v Picciano, Inc., 100 AD2d 247, lv denied 62 NY2d 605).

Nor can liability be predicated upon Labor Law § 200 (1) which codified the common-law rule that an employer has a duty to provide a safe place to work (Rusin v Jackson Hgts. Shopping Center, 27 NY2d 103, rearg denied 27 NY2d 817). Liability does not attach under Labor Law § 200 absent actual or constructive notice of the condition complained of (Kennedy v McKay, 86 AD2d 597). "A plaintiff may not recover when the jury has to speculate about various possible causes of an accident" (Kennedy v McKay, supra, at 598). "Speculation and surmise are not a substitute for proof and where [as here] evidence is capable of an interpretation equally consistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence" (De Mayo v Yates Realty Corp., 35 AD2d 700, affd 28 NY2d 894). In the instant case, the plaintiff has failed to establish that the acts of Fitzgerald caused the door to fall.

In light of our holding, we do not reach the remaining contention of the third-party defendant Times. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.