■ WILLIAM EDWARDS, Appellant, v TWENTY-FOUR TWENTY-SIX MAIN STREET ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent, and ROBERT A. LEVINE, Doing Business as ROBSAM INVESTORS, et al., Defendants. HAYIM & COMPANY, Third-Party Defendant-Respondent. [601 NYS2d 11] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered June 17, 1991, which granted the motion of the defendant Twenty-Four Twenty-Six Main Street Associates for summary judgment dismissing the complaint insofar as it is asserted against it and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was an employee of the third-party defendant Hayim & Company (hereinafter Hayim), a carpet warehouse located on premises owned by the defendant Twenty-Four Twenty-Six Main Street Associates. Hayim stored the carpets on shelves comprised of metal frames with plywood shelves, which were between 10 to 12 feet high. It was the plaintiff's duty to load and unload carpets from these shelves, and he was raised to the upper shelves by means of a "hi-lo" vehicle. The plaintiff also performed repair work on the plywood shelves, setting them back on the metal frames when they were askew, and he replaced the plywood shelves when they became dilapidated. On September 6, 1988, while searching for a carpet, the plaintiff noticed that the plywood shelves in a certain area of the structure needed to be replaced. As he was replacing a plywood shelf, he slipped and fell about six feet to the ground sustaining injuries.

The plaintiff received Workers' Compensation benefits as a

result of his injuries, and then commenced this action against the defendant owner of the premises, based upon its failure to provide a safe workplace as required by the Labor Law. The Supreme Court subsequently granted the defendant owner's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

It is clear that liability under Labor Law § 240 (1) was not meant to apply to routine maintenance in a non-construction, non-renovation context (see, Manente v Ropost, Inc., 136 AD2d 681). Moreover, liability cannot attach under Labor Law § 200, as the plaintiff has not shown sufficiently that any facts exist which would show that the defendant owner maintained any direction or control over the manner in which the plaintiff performed his duties (see, Whitaker v Norman, 75 NY2d 779; Karaktin v Gordon Hillside Corp., 143 AD2d 637).

In view of the foregoing, we need not reach the plaintiff's remaining contention. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.