■ JOHN P. COSENTINO et al., Respondents, v LONG ISLAND RAILROAD, Appellant. [607 NYS2d 720] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated November 12, 1991, which granted the plaintiffs' motion for partial summary judgment on the issue of liability with respect to their cause of action based on Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and, upon searching the record, partial summary judgment is granted to the appellant dismissing the second cause of action based on Labor Law § 240 (1).

The plaintiff John Philip Cosentino, along with two other telephone company workers, was dispatched to splice cables and pick up new lines for a celebration at a subway station. Access to these telephone lines was located in the basement of the Long Island Railroad station; however, the work did not in any manner involve service improvements to the railroad facility. After entering the facility and finding the necessary connections, the injured plaintiff and his partner worked on the necessary splice. The work required that the injured plaintiff help his partner splice cables that were slightly above

his reach. The injured plaintiff grabbed one of the cables and put his foot on a pipe or box on the wall and attempted to pull himself up. He was approximately one and half to two feet off the ground when he felt something give way, and fell backwards, severely injuring his hand.

We find that the injured plaintiff was not engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1). It is clear that liability under Labor Law § 240 (1) was not meant to apply to routine maintenance in a nonconstruction context *(see, Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592; *Manente v Ropost, Inc.,* 136 AD2d 681). In view of the strict liability imposed by the statute and the fact that such liability is generally imposed only to guard against inordinate dangers, we find no reason to strain the language of the statute to encompass the routine activities involved with telephone service, which is clearly distinguishable from the risks associated with the construction or demolition of a building *(see, Manente v Ropost, Inc., supra).*

Since the plaintiffs cannot recover against the appellant under Labor Law § 240 (1), we search the record and grant summary judgment to the appellant dismissing that cause of action. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.