Daniel **ROONEY** and Nancy Rooney, Plaintiffs,

v.

The **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** and Compagnie Nationale Air France, Defendants.

No. 93 Civ. 7354 (WK).

United States District Court, S.D. New York.

Feb. 13, 1995.

**254**

Bauman & Kunkis, New York City, for plaintiffs.

Liam O'Brien, Mendes & Mount, New York City, for defendants.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is a personal injury case by an aircraft mechanic against Air France and the Port Authority for injuries sustained when plaintiff fell off a ladder/platform while working on the engine of the Concorde at Kennedy Airport. Defendants seek summary judgment dismissing plaintiff's claim that New York Labor Law § 240(1) makes defendants strictly liable for plaintiff's injury. Plaintiff cross-moves for summary judgment on that claim. For the reasons that follow, we grant plaintiff's motion for partial summary judgment.

The facts, briefly are these: plaintiff was permanently injured on March 27, 1993 when he fell from a work stand during the course of his employment replacing the hydraulic pumps of an Air France Concorde Jet at John F. Kennedy airport. While attempting to screw the filter of the engine into place, plaintiff slipped, lost his balance, and fell from the stand to the floor, some eight feet below. He suffered serious injuries to his leg and back and had to undergo surgery.

■ The caption of New York Labor Law § 240(1) is: "Building Construction, Demolition and Repair Work." In pertinent part, the statute provides:

All contractors and owners and their agents ... [engaged] in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding ... and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Failure to furnish such scaffolding and other devices renders an owner or contractor strictly liable for injuries of its employee. *See Callovi v. Olympia & York Battery Park co.* (S.D.N.Y.1987) 663 F.Supp. 855.

The questions presented by this case, then, are: (1) is the airplane on which plaintiff was working a "building or structure" for the purposes of the statute? and, if so, (2) was plaintiff engaged in activity protected by the statute? [1]

■ With respect to whether the Concorde—or any aircraft—is a structure, the weight of caselaw suggests that it is. *See Gordon v. Eastern Railway Supply, Inc.* (4th Dept.1992) 181 A.D.2d 990, 581 N.Y.S.2d 498, *aff'd* (1993) 82 N.Y.2d 555, 606 N.Y.S.2d 127, 626 N.E.2d 912 (railroad car is a structure); *Maleeny v. Standard Shipbuilding Corp.* (1923) 237 N.Y. 250, 142 N.E. 602 (a ship is a structure); and *Loesch v. Long Island Railroad* (2d. Dept.1915) 165 A.D. 753, 151 N.Y.S. 499 (a locomotive is a structure).

Indeed, the only authority defendants offer to suggest that an aircraft is not a structure is inapposite. In a recent Southern District case, the court observed that a bulldozer and a ripper lack the "certain permanency" commonly associated with a structure. *Violette v. Armonk Associates, L.P.* (S.D.N.Y.1992) 808 F.Supp. 1060, 1062–3. While the language of that observation does appear persuasive, the court went on to *hold* that the statute did not apply because there was no fall from an elevated height, noting that "on such fine lines must the distinction be drawn." *Id.* at 1063. In the case at bar, plaintiff clearly fell from an elevated height.

---

**1.** Plaintiff does set out arguments in its moving papers why defendants are "owners" for the purposes of the statute. Since defendants make no claim that they are not "owners" under the statute, we do not address this point. For the purposes of the statute and this motion, then, defendants should be considered owners.

With respect to whether plaintiff's work on the Concorde's engine was an activity covered by the statute, both sides agree that plaintiff was engaged in repairing the Concorde's engine. Defendants argue however that the kind of repair plaintiff was performing—replacing a hydraulic filter—was not the kind of repair envisioned by the statute. Pointing to the *ejusdem generis* doctrine, defendants argue that the word "repair" should be construed as related to construction, demolition or renovation, and not to include routine maintenance. *See Giambalvo v. National Railroad Passenger Corp.* (E.D.N.Y.1994) 850 F.Supp. 166; *Manente v. Ropost, Inc.* (2d Dept.1988) 136 A.D.2d 681, 524 N.Y.S.2d 96 (in both cases, plaintiff injured while changing a light bulb; statute did not apply); *Consentino v. Long Island Railroad* (2d Dept.1994) 201 A.D.2d 528, 607 N.Y.S.2d 720 (statute did not apply to telephone company worker injured while splicing cables in subway station); *Edwards v. Twenty–Four Twenty–Six Main Street Assocs.* (2d Dept.1993) 195 A.D.2d 592, 601 N.Y.S.2d 11 (citing *Manente* as authority not to apply statute to plaintiff who fell six feet while repairing shelves).

While in the body of the statute, the word "repair" is strung together with "erection, demolition" and "altering"—giving support to defendant's argument—it is also strung together with "painting, cleaning or pointing." Thus even under the *ejusdem generis* doctrine, the work plaintiff was engaged in could be interpreted as a "repair" under the statute. *See Ferrari v. Niasher Realty, Inc.* (4th Dept.1991) 175 A.D.2d 591, 573 N.Y.S.2d 794 (a worker removing storm windows from a building was engaged in activity protected under the statute).

Moreover, the title of the statute, "Building Construction, Demolition and Repair Work," very clearly suggests a design independently to cover these three separate categories of activity. Indeed, the statute has frequently been applied to situations involving neither construction nor demolition, but involving workers who have fallen from a height while engaged in activities requiring the use of ladders or scaffolds. *See Terry v. Young Men's Hebrew Association of Washington Heights* (1st Dept.1990) 168 A.D.2d 399, 563 N.Y.S.2d 408; *Ramos v. Marksue* (S.D.N.Y.1984) 586 F.Supp. 488 (both involving window washing); *Carr v. Jacob Perl Associates* (1st Dept.1994) 201 A.D.2d 296, 607 N.Y.S.2d 301 (elevator repair); *Walsh v. Applied Digital Data Systems, Inc.* (2d Dept. 1993) 190 A.D.2d 731, 594 N.Y.S.2d 626 (removal of computer cable from building). Because in this case elevated heights were involved, the cases applying the statute to non-construction, non-renovation repairs are persuasive.

We therefore find that the statute applies, and grant plaintiffs' motion for partial summary judgment.

SO ORDERED.