**Lindsey WILSON, Plaintiff,**

v.

**The CITY OF NEW YORK and New York Health & Hospitals Corporation, Defendants,**

v.

**MILLAR ELEVATOR INDUSTRIES, INC., Third–Party Defendant.**

No. 93 Civ. 6349 (WK).

United States District Court, S.D. New York.

Oct. 25, 1995.

David Jaroslawicz, Jaroslawicz & Jaros, New York City, for Plaintiff.

Paul A. Crotty, Corporation Counsel of City of New York, New York City, for Defendants.

Robert Laplaca, New York City, for Third–Party Defendant.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

Plaintiff was injured while performing certain work on an elevator located at Harlem Hospital which is owned and operated by the City of New York and New York Health & Hospitals Corporation (collectively, the "City"). Plaintiff, an employee of Millar Elevator Industries, Inc. ("Millar"), was assigned to work at Harlem Hospital as an on-premises elevator mechanic pursuant to a contract between Millar and the City whereby Millar was to provide maintenance service of the elevators at the hospital over a five-year period.

Plaintiff brought this action against the City under sections 240(1) and 241(6) of the New York Labor Law and common-law negligence. The City has moved for summary judgment on the issue of liability under each of these grounds and has filed a third-party complaint seeking indemnification and contribution from Millar should the City be found liable. Millar has moved for summary judgment on the issue of its liability to the City for indemnification and contribution.

■ Plaintiff's reliance upon Labor Law section 240(1) as a ground for imposing liability upon the City is misplaced. That section provides, in pertinent part:

1. All contractors and owners and their agents ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be erected for the performance of such labor, scaffolding, hoists, stays, ladders, ... which shall be so

constructed, placed and operated as to give proper protection to a person so employed. McKinney's Labor Law § 240, subd. 1.

At the time of the accident, plaintiff was not engaged in the type of repair envisioned by the statute. The elevator was not broken and it is no where alleged that the elevator had been rendered inoperative or that it had been malfunctioning. The time to replace the worn guides had simply arrived.

The elevator was located on premises on which there was no construction, demolition, renovation or any other type of structural work underway in the building itself. In view of the strict liability imposed by this section and the fact that such liability is generally imposed only to guard against inordinate dangers, the language of the statute may not be strained to encompass the type of routine maintenance work performed by plaintiff which was far removed from the risks associated with the construction or demolition of a building. *Cosentino v. Long Island Railroad* (2d Dep't 1994) 201 A.D.2d 528, 607 N.Y.S.2d 720.

The New York Court of Appeals has made it clear that liability under section 240(1) was not meant to apply to routine maintenance in a nonconstruction context. *Smith v. Shell Oil Co.* (1995) 85 N.Y.2d 1000, 1001, 630 N.Y.S.2d 962, 963, 654 N.E.2d 1210, 1211 (finding that "painting," "cleaning," and "pointing" are the only types of maintenance provided for in the statute); *see also Rennoldson v. James J. Volpe Realty Corp.* (4th Dep't 1995) ⸺ A.D.2d ⸺, 629 N.Y.S.2d 141; *Edwards v. Twenty–Four Twenty–Six Main Street Assocs.* (2d Dep't 1993) 195 A.D.2d 592, 601 N.Y.S.2d 11.

■ Therefore, the work in which plaintiff was engaged at the time he sustained his injuries was not a repair within the purview of Labor Law section 240. We note that, had the elevator been rendered inoperable due to presence of the worn roller guides, plaintiff's work would properly have been characterized as "repair." *Carr v. Jacob Perl Associates* (1st Dep't 1994) 201 A.D.2d 296, 296, 607 N.Y.S.2d 301, 302 ("In particular, we note that, as the elevator was inoperable, plaintiff was engaged in 'repair' work...."; citing *Izrailev v. Ficarra Furniture of Long Island, Inc.* (1987) 70 N.Y.2d 813, 815, 523 N.Y.S.2d 432, 433, 517 N.E.2d 1318, 1319 ("repair" included work on an electrical sign which was operating improperly)).

■ Plaintiff also relies on Labor Law section 241(6), which requires owners and contractors, "in all areas in which construction, excavation or demolition work is being performed," to "provide reasonable and adequate protection and safety" for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor. McKinney's Labor Law § 241, subd. 6; *Ross v. Curtis–Palmer Hydro–Electric Co.* (1993) 81 N.Y.2d 494, 502–505, 601 N.Y.S.2d 49, 53–55, 618 N.E.2d 82. Plaintiff's section 241(6) claim must fail because the work in question was routine maintenance rather than "construction, excavation or demolition," the only activities covered under this section. *DeTommaso v. Fitzgerald Const. Corp.* (2d Dep't 1988) 138 A.D.2d 341, 525 N.Y.S.2d 632 (holding that renovation was not "construction, demolition or excavation"). Moreover, plaintiff has failed to allege a breach of specific regulations promulgated under this section.

■ Plaintiffs have also failed to make out a prima facie case under common-law negligence. First, plaintiff has not alleged that defendants were on notice as to the unavailability of the ladder or the alleged slippery condition of the I-beam. A defendant must have had notice, either actual or constructive, before it can be charged with negligence. *Piacquadio v. Recine Realty Corp.* (1994) 84 N.Y.2d 967, 622 N.Y.S.2d 493, 646 N.E.2d 795; *Gordon v. American Museum of Natural History* (1986) 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774. Second, plaintiff has not alleged that defendants exercised supervisory control over the work that resulted in his injuries. An implicit precondition to the common-law duty, codified at section 200 of the Labor Law, that an owner provide construction site workers with a safe place to work "is that the party charged with that responsibility have the authority to control the activity bringing about the injury." *Comes v. New York State Elec. & Gas Corp.* (1993) 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168,

169, 631 N.E.2d 110. There is no suggestion that defendants exercised supervisory control or had any input into how the roller guides were going to be replaced.

Therefore, the City's motion for summary judgment on the issue of liability under the New York Labor Law and common-law negligence is granted. Accordingly, Millar's motion to dismiss the third-party complaint seeking indemnification and contribution is also granted.

**SO ORDERED.**