OPINION OF THE COURT
William H. Keniry, J.
Plaintiff Lawrence D. Young instituted this action against defendants Debra J. Norton and Raymond A. Young seeking damages for injuries sustained when he fell from a ladder while installing gutters on a three-family residence. All the parties are related. Plaintiff is the brother of defendant Norton and the son of defendant Young. The accident took place on November 23, 1993 in the Village of Victory Mills in Saratoga County. Defendant Young and his wife obtained ownership of the subject property in 1978. After Mrs. Young died, defendant Young in 1981 conveyed the property to his daughter, defendant Norton, reserving to himself "a life estate * * * and the full use and enjoyment thereof and during his lifetime” including "the right to rental income from the apartments located in the residence on the premises”.
In November 1993, defendants Young and Norton lived in separate apartments in the residence. The third apartment was rented out and defendant Young collected the rent. Neither defendant Young nor defendant Norton paid rent but they both contributed to the payment of property taxes and other expenses.
Plaintiff, who was employed as a security guard, also worked in construction installing and refinishing hardwood floors and taking on other small construction projects. Plaintiff was routinely paid in cash for any construction work he performed.
The apartment building needed roof repairs and Norton wanted rain gutters installed. She asked plaintiff to do the job and he agreed. Norton purchased the materials and gave plaintiff $50 cash and also agreed to perform some household services for him, namely cleaning his residence and cooking some meals for him, as payment for his labor. A section of a *177 wooden extension ladder was at the property. The ladder was an old one and some of its wooden rungs had been replaced with aluminum rungs. The ladder did not have any base cleats, footings or other brackets on it. On November 23, 1993, plaintiff used the ladder to get onto a porch roof. He then lifted the ladder onto the porch roof and positioned it to reach the main roof where the gutters were to be installed. Plaintiff was climbing the ladder when its base "kicked out” and he fell some 18 feet to the ground injuring principally his left knee and left wrist. Defendant Young was standing on the ground when plaintiff fell.
There are three summary judgment motions pending. Plaintiff moves for an order seeking judgment in his favor on the issue of defendants’ liability under section 240 (1) of the Labor Law. Defendant Young cross-moves for an order dismissing plaintiffs complaint on the ground that he, as a life tenant, is not an owner of the property within the meaning of the Labor Law. Defendant Norton seeks like relief on the ground that she, as holder of a remainder interest in the property, should not be considered an owner under the Labor Law. Additionally, defendant Norton contends that plaintiffs motion is premature inasmuch as the accident was "unwitnessed” and that defendant Young has not been deposed.
Three distinct issues are raised:
(1) Are defendants Young and Norton owners subject to strict liability within the meaning of Labor Law § 240 (1)?
(2) If so, should absolute liability be imposed against defendants in plaintiffs favor upon the facts of this case?
(3) Does the fact that the accident was "unwitnessed” preclude summary judgment in plaintiffs favor?
I
Section 240 (1) of the Labor Law provides that "[a]ll contractors and owners and their agents” must furnish adequate ladders and similar safety devices to protect employees engaged in certain types of construction work. Section 240 (1) imposes absolute liability for breach of the statutory duty which proximately causes injury to a worker (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). Section 240 (1) "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” (Quigley v Thatcher, 207 NY 66, 68).
The term "owner” is not specifically defined in the Labor Law. Courts have considered the issue of ownership in cases *178 involving workplace safety statutes. A leading case is Celestine v City of New York (59 NY2d 938, affg on opn below 86 AD2d 592) wherein the Long Island Rail Road Company, grantor of an easement of its property to another railroad while still retaining ownership of the fee, was held responsible for violations of Labor Law § 241 (6). In Copertino v Ward (100 AD2d 565, 566), the term "owner” was defined under the Labor Law "to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit”. More recently in Gordon v Eastern Ry. Supply (82 NY2d 555), the Court of Appeals gave a broad meaning to the word "owner” by affirming the imposition of liability under Labor Law § 240 (1) against a fee owner which leased the property to another concern which controlled the work. Less than a month ago in Coleman v City of New York (91 NY2d 821), the Court of Appeals held, in a Labor Law § 240 (1) case, that any party who was "technically an 'owner’ ” (at 823) must be considered an owner under the statute even if the "owner” had no control of the work and the work was being performed for the benefit of others.
The prevailing trend is to expansively apply the term "owner” as evidenced in the following cases:
(1) Vigliotti v Executive Land Corp. (186 AD2d 646).
Transfer of title to industrial development agency did not divest "true owner” of responsibility under Labor Law and a "contract vendee” (at 646) who had access to the property is also considered an owner within meaning of Labor Law § 240 (1).
(2) Ampolini v Long Is. Light. Co. (186 AD2d 772).
Fee owner of property would be treated as owner of a food service trailer which it allowed to be placed on its property.
(3) Collins v County of Monroe Indus. Dev. Agency (167 AD2d 914).
Landowner who granted permanent easement to city to build and operate parking garage which was then leased back to landowner and then conveyed to development agency was owner under section 240.
(4) DeFreece v Penny Bag (137 AD2d 744).
Contract vendee was owner under Labor Law § 241 (6) even though title had not passed because he had access to the property and contracted to have repairs made.
These cases instruct that the key elements to be considered in deciding whether a party is an owner under the Labor Law *179 are whether the defendant has an interest in the property, not necessarily a fee interest, and whether control is exercised over the property.
 In this case, both defendants Young and Norton satisfy the requirements by having an interest in the property and by contracting for work to be performed. Norton is the fee owner and she testified that she hired plaintiff to perform the roof work. Defendant Young, as life tenant, clearly possessed a present interest in the property and exercised control over the property by collecting the rent generated by the third apartment and by contributing to the payment of expenses associated with the property.
In the court’s opinion, both defendants are "owners” of the three-family residence and therefore both are subject to liability under Labor Law § 240 (1).
Accordingly the cross motions of defendants Young and Norton seeking orders dismissing plaintiffs complaint are denied without costs.
II
The law is well settled that summary judgment on the issue of liability is appropriately granted in an action brought under Labor Law § 240 (1) if it is established by competent evidence that a device like a ladder collapses, slips or otherwise fails to perform its function of supporting a worker causing injury (Quinlan v Eastern Refractories Co., 217 AD2d 819; Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853). "It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)” (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381; accord, Devlin v Sony Corp., 237 AD2d 201; Draiss v Salk Constr. Corp., 201 AD2d 698; Dennis v Beltrone Constr. Co., 195 AD2d 688; Place v Grand Union Co., 184 AD2d 817; Neville v Deters, 175 AD2d 597). Once plaintiff demonstrates a prima facie case of liability based upon the slipping or collapse of a ladder, the burden shifts to defendants to submit evidence sufficient to raise a triable issue of fact (Klein v City of New York, 89 NY2d 833, affg 222 AD2d 351).
Here, the evidence shows without contravention that plaintiff was climbing a ladder when the base "kicked out” causing plaintiff to fall to the ground. There is no evidence tendered that the ladder was braced or secured in any manner or that any safety devices were provided to plaintiff. The ladder was not equipped with base cleats and plaintiff has *180 tendered an expert opinion, in addition to his own affidavit, that an unsafe condition was created thereby which caused the ladder to "kick out”.
Ill
The argument that summary judgment should not be granted to plaintiff since he was the sole witness to his fall has been considered but is found to lack merit.
The absence of an independent eyewitness to a fall does not preclude summary judgment when it is uncontroverted that a device like a ladder collapsed (LaJeunesse v Feinman, 218 AD2d 827; Davis v Pizzagalli Constr. Corp., 186 AD2d 960) and there is no evidence tendered which is inconsistent with plaintiffs account or which contradicts the claim of collapse (Klein v City of New York, supra).
In this case, neither defendant tenders any evidence which casts any doubt concerning plaintiffs version of events and thus it would be improvident to deny plaintiff the relief he seeks based upon defendant Norton’s unsupported assertion that additional discovery should be held before a ruling is made. There is no showing that defendant Young possesses any information which would controvert plaintiffs recollection.
Based upon the record, plaintiff has demonstrated that defendants violated section 240 (1) of the Labor Law and that such violation was a substantial factor in causing him injury. Both defendants are absolutely liable for the happening of the accident and therefore plaintiff is entitled to an order granting summary judgment against defendants on his cause of action alleging a violation of section 240 (1) of the Labor Law.
Plaintiffs motion is granted without costs.