■ RAMONA STOVALL, Respondent, v LAWRENCE E. STOVALL, Appellant. [703 NYS2d 721] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about April 22, 1999, which denied defendant husband's motion to modify a divorce judgment insofar as it awarded plaintiff wife a share of his pension, unanimously affirmed, without costs.

Defendant's argument that plaintiff's pension was not considered in determining the equitable distribution award lacks support in the record, which shows that plaintiff's pension was considered but disregarded as too small to have any effect on the distribution. We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.

■ CHARLES RAMMELKAMP et al., Appellants, v S.L. BUILDING Co. et al., Respondents. [703 NYS2d 724] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered June 16, 1999, which, upon the prior grant of defendants' motions for summary judgment, dismissed the complaint in this action to recover for personal injuries pursuant to Labor Law § 240 (1) and § 241 (6), unanimously affirmed, without costs.

We affirm the dismissal of the complaint upon the ground that the work performed by plaintiff at the time of his accident was merely a routine repair of a telephone line and did not constitute "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1) or "construction * * * or demolition" of buildings within the meaning of Labor Law § 241 (6) so as to bring plaintiff within the protective ambit of those statutes (*see, Joblon v Solow*, 91 NY2d 457; *Cosentino v Long Is. R. R.*, 201 AD2d 528). Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.