OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiffs Anton Imling and Shirley Bucci commenced this *894 action against defendant the Port Authority of New York and New Jersey seeking to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6) for personal injuries plaintiff Anton Imling allegedly sustained on March 19, 1997 in American Airlines Hangar No. 10 at JFK International Airport.
Plaintiff claims that he fell approximately eight feet off the platform of a ladder after descending from the engine of an aircraft he was in the process of repairing and stepping on the ladder. The defendant Port Authority leases the airport under a long-term lease from the fee owner, the City of New York.
Plaintiffs now move for an order granting partial summary judgment against the defendant on the issue of liability pursuant to Labor Law § 240 (1), and setting this matter down for an immediate trial on the issue of damages.
Defendant cross-moves for an order denying plaintiffs’ motion and granting defendant summary judgment dismissing plaintiffs’ complaint.
Inasmuch as plaintiff was engaged in routine maintenance work and was not involved in “construction, excavation or demolition work” within the meaning of section 241 (6), that portion of the cross motion seeking to dismiss plaintiffs’ claim under Labor Law § 241 (6) is granted.
Under Labor Law § 240 (1), “[a] 11 contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed” (emphasis added).
Thus, this court must determine whether or not the aircraft may be considered a “structure” under the statute, and then whether the Port Authority may be considered an “owner.”
As to the first issue, upon review of relevant case law, this court finds that an aircraft may be considered a “structure” within the meaning of the statute. (See, Rooney v Port Auth., 875 F Supp 253 [SD NY 1995]; see also, Gordon v Eastern Ry. Supply, 181 AD2d 990 [4th Dept 1992], affd 82 NY2d 555 [1993] [railroad car is a “structure”]; Maleeny v Standard Shipbuilding Corp., 237 NY 250 [1923] [a ship is a “structure”]; Loesch v Long Is. R. R. Co., 165 App Div 753 [2d Dept 1915] [a locomotive is a “structure”].)
*895 With respect to the second issue, plaintiff argues that a comment by the court in Rooney v Port Auth. (supra, at 254, n 1) that “[flor the purposes of the statute and [that] motion * * * defendants [including Port Authority] should be considered owners” constitutes a judicial admission binding on this court.
However, the court in Rooney (supra) specifically noted that the defendants in that case did not make any claim that they were not “owners” under the statute and the court never addressed that point on the merits. Therefore, this court declines to find the Rooney case to be of precedential value on the issue of whether or not defendant herein is an “owner.”
Plaintiffs further argue that the fact that the City of New York is the fee owner of the land does not preclude a finding that the defendant is also the “owner” of the airport (including American Airlines Hangar No. 10) within the meaning of section 240 (1) of the Labor Law. (See, e.g., Young v Norton, 175 Misc 2d 175 [Sup Ct, Saratoga County 1997] [which found that both the fee owner and the life tenant were “owners” subject to liability under Labor Law § 240 (1)].)
However, in the recent case of Guzman v L.M.P. Realty Corp. (262 AD2d 99 [1st Dept 1999]), the Court held that “[a] lessee is liable under the statute only where it can be shown that it was in control of the work site, and one test of such control is where the lessee actually hires the general contractor (Frierson v Concourse Plaza Assocs., 189 AD2d 609, 611).” No such showing has been made in this case.
Moreover, even if the court were to find that defendant should be considered an “owner” of the airport hangar, there is no evidence whatsoever that the Port Authority is the “owner” of the aircraft and/or the ladder upon which plaintiff Anton Imling was injured. (See, Spears v State of New York, 266 AD2d 898, 899 [4th Dept 1999] [which held that the State had no duty to claimant based on the fact that his employer’s dump truck may be considered a structure within the meaning of section 240 (1) since the State “neither owned nor contracted for the repair of the dump truck (citations omitted)”].)
Finally, defendant argues that plaintiffs cannot make out a prima facie case under Labor Law § 200 in the absence of proof that defendant exercised supervision and control over plaintiff’s work and/or had authority to exercise any control over the specific work area that gave rise to plaintiff’s injuries. (See, Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996].)
Although plaintiff Anton Imling alleges that he observed Port Authority personnel inspecting the American Airlines’ *896 work area and that the Port Authority required American Airlines to register its vehicles, it is well settled that the “mere retention of contractual inspection privileges or a general right to supervise does not amount to control sufficient to impose liability” pursuant to Labor Law § 200. (Brown v New York City Economic Dev. Corp., 234 AD2d 33 [1st Dept 1996].)
Accordingly, based on all the papers submitted and the oral argument held on the record on March 29, 2000, plaintiffs’ motion for partial summary judgment is denied, and defendant’s cross motion for summary judgment is granted.
The Clerk may enter judgment dismissing plaintiffs’ complaint with prejudice and without costs and disbursements.