OPINION OF THE COURT
Louis C. Benza, J.
Plaintiff Juan F. Caamano sues for injuries received while working at John F. Kennedy (JFK) Airport. A named defen *322 dant is the Port Authority of New York and New Jersey (Port Authority), the owner of the property. Defendant Port Authority moves to change venue, alleging that it is not a resident of the Bronx.
Defendant’s argument that the Port Authority is not an owner and could not be subject to suit in Bronx County is based on the holding in Imling v Port Auth. (184 Misc 2d 893). This contention is inapplicable as Imling is limited to the facts in that case and does not stand for the proposition that the Port Authority cannot be an owner as defined in the Labor Law. (See McKinney’s Uncons Laws of NY § 6407 [L 1921, ch 154, § 1, art VI]; see also Matter of Agesen v Catherwood, 26 NY2d 521 [1970].)
Defendant’s further contention is that since none of the parties are residents of Bronx County, venue lies in Queens County where the accident occurred, JFK is located and plaintiff resided at the time. Section 503 (a) of the Civil Practice Law and Rules states “[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county.” Civil Practice Law and Rules § 505 (a) states “[t]he place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action.” Civil Practice Law and Rules § 101 states, in pertinent part, that “[t]he civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.” McKinney’s Unconsolidated Laws of NY § 7106 (L 1950, ch 301, § 5) states “[t]he foregoing consent is granted upon the condition that venue in any suit, action or proceeding against the port authority shall be laid within a county or a judicial district, established by one of said states or by the United States, and situated wholly or partially within the port of New York district. The port authority shall be deemed to be a resident of each such county or judicial district for the purpose of such suits, actions or proceedings. Although the port authority is engaged in the performance of governmental functions, the said two states consent to liability on the part of the port authority in such suits, actions or proceedings for tortious acts committed by it and its agents to the same *323 extent as though it were a private corporation.” Bronx and Queens Counties are within the area designated as proper for venue in actions against the Port Authority. (See McKinney’s Uncons Laws of NY § 6403 [L 1921, ch 154, § 1, art II].)
The Port Authority was created by a compact between New York and New Jersey and approved by Congress as required by the United States Constitution. (See L 1921, ch 154, § 1; NJ Stat Annot § 32:1-1 et seq.; Act of Aug. 23, 1921, ch 77, 42 US Stat 174; US Const, art I, § 10 [3].) Since the Port Authority, when created, was protected from lawsuits by dint of its sovereign immunity, the waiver of that immunity by the Port Authority (see McKinney’s Uncons Laws of NY § 7101 [L 1950, ch 301, § 1]) was made with specific requirements to be followed when instituting suits against the Port Authority. As in other cases when sovereign immunity has been waived, the Civil Practice Law and Rules is applicable unless inconsistent with the law establishing the conditions to be met when suing the party waiving immunity. (See Queensboro Farm Prods. v State of New York, 6 Misc 2d 445 [Ct Cl 1956], affd 5 AD2d 967 [4th Dept 1958], affd 5 NY2d 977 [1959].)
In the instant case, Civil Practice Law and Rules § 505 (a) establishing venue for a public authority is inconsistent with McKinney’s Unconsolidated Laws of NY § 7106. McKinney’s Unconsolidated Laws of NY § 7106 refers not to the Port Authority’s principal place of business but is much broader in that all that is required for the place of venue is that the county be within the area of the Port of New York. It is only in those counties that the Port Authority deems itself to be a resident for such suits. A principle of statutory construction holds that where a general statute covers a subject in general terms and includes a particular case for which a subsequent enactment makes a rule, the subsequent action alone applies to the case. (See Village of Depew v Lehigh Val. R. R. Co., 85 Misc 71 [1914], citing Excelsior Petroleum Co. v Lacey, 63 NY 422; see also Hughes Tool Co. v Fielding, 188 Misc 947, affd 272 App Div 1048, affd 297 NY 1024 [1947]; McKinney’s Cons Laws of NY, Book 1, Statutes § 397.)
As the Port Authority has a place of residence in Bronx County pursuant to McKinney’s Unconsolidated Laws of NY § 7106 and requires venue to be in a county wholly or partly within the Port of New York, both of the conditions are met by bringing suit in Bronx County. Defendants’ motion is denied.