Edward **KEPNER** and Penelope Kepner, His Wife, Plaintiffs,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION (Fannie Mae); Realty USA; Source One Mortgage Services Corp., n/k/a Citi Mortgage; Five Brothers Mortgage Services Corp.; and Patrick Currie, Defendants.**

No. 00–CV–1228.

United States District Court, N.D. New York.

Sept. 20, 2002.

Roemer, Wallens and Mineaux, LLP, for plaintiffs, Albany, NY, Matthew J. Kelly, of counsel.

Wilson, Esler, Moskowitz, Edelman & Dicker, LLP, for defendant, Fannie Mae, White Plains, New York, John M. Flannery, of counsel.

Law Offices of Pacer & Buttridge, for defendant, Realty USA, Albany, NY, Paul G. Hanson, of counsel.

Friedman, Hirschen, Miller & Campito, P.C., for defendant, Source One Mortgage Services Corp. n/k/a Citi Mortgage, Schenectady, NY, Paul Campito, of counsel.

Bouck, Holloway, Kiernan & Casey, for defendant, Five Brothers Mortgage Services Corp., Albany, NY, Mark W. Blanchfield, of counsel.

Walsh & Hacker, for defendant, Patrick Currie, Albany, NY, Thomas J. Walsh, of counsel.

### MEMORANDUM– DECISION AND ORDER

HURD, District Judge.

### I. INTRODUCTION

Plaintiff, Edward Kepner ("Kepner" or "plaintiff") commenced this action against defendants for common-law negligence and pursuant to the Labor Law of the State of New York §§ 200, 240, 241, 241–a and 241(6) after allegedly sustaining serious injuries at a house located in Schenectady, New York. The plaintiff's wife, Penelope Kepner, also sues defendants in a derivative claim for loss of services, society, and companionship. The five defendants are (1) Federal National Mortgage Association ("Fannie Mae"); (2) Realty USA; (3) Source One Mortgage Services Corporation; n/k/a Citi Mortgage ("Source One"); (4) Five Brothers Mortgage Services Corporation ("Five Brothers"); and (5) Patrick Currie ("Currie") (collectively, "defendants").

Plaintiffs move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants all cross-move for summary judgment dismissing plaintiffs' complaint. The defendants, Realty USA, Source One, and Five Brothers, also move in the alternative for summary judgment with respect to their cross-claims for indemnification against specific defendants. Defendant Currie argues that the testimony of plaintiffs' witness, Stephen Meyers, should be precluded. Oral argument was heard on January 11, 2002, in Utica, New York. Decision was reserved.

### II. FACTS

These are the undisputed facts. On November 24, 1999, the plaintiff, a locksmith, was injured while attempting to re-key a lock on foreclosed property at 91 Robinson Street ("91 Robinson") in Schenectady, New York.[1] The property at 91 Robinson is a single family dwelling that was foreclosed on in October 1999. Defendant Fannie Mae wanted the premises to be re-keyed so that their agents could gain access to it through a master key. Plaintiff Kepner was assigned to do the job. He claims that after beginning work on the lock on the front door of the house, he walked through the house to get to the back door. While walking through the house he fell six to eight feet through an opening in the floor into the basement.

▬▬ Defendant Source One originally foreclosed on 91 Robinson on October 4, 1999, and transferred ownership to defendant Fannie Mae on November 16, 1999.[2] Defendant Fannie Mae then hired defen-

---

**1.** "Re-keying" a lock is a process by which a locksmith will reconfigure an existing lock cylinder so that it can only be opened by a key different from the one originally intended for that lock. The lock is not changed, it is just reconfigured.

**2.** Plaintiffs dispute whether the property was transferred to Fannie Mae on November 16,

dant Realty USA to re-key the property so that the premises door could be opened with a particular master key unique to Fannie Mae. Defendant Fannie Mae also claims that they asked defendant Realty USA to secure the property and determine whether the property was vacant. Defendant Realty USA claims that they did determine that the property was vacant and then contacted the plaintiff's employer, Mangione Locksmith ("Mangione"), to re-key the property. Plaintiff was then assigned by Mangione to re-key the premises at 91 Robinson.

Prior to the transfer of ownership to defendant Fannie Mae on November 16, 1999, defendant Source One retained defendant Five Brothers to secure and inspect the premises at 91 Robinson. Defendant Five Brothers sub-contracted with defendant Patrick Currie, an independent contractor, to perform securing services at 91 Robinson. He went inside of 91 Robinson on or about November 17, 1999, approximately seven days before the plaintiff Edward Kepner's accident.

## III. *DISCUSSION*

### A. *Summary Judgment Standard*

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978)).

### B. *Labor Law Claims*

### 1. *Section 240, 241, 241–a, 241(6) Claims*[3]

▮ Section 240(1) provides in relevant part, that

1999. They admit that the property was purchased by Fannie Mae out of foreclosure on November 16, 1999, but claim that the actual transfer of title to Fannie Mae took place in December 1999 when the deed was recorded.

For the purpose of title transfer, the date of deed recording is irrelevant. *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 658 (2d Cir.1996). The recording of a deed is important for the purpose of determining the priority of two or more competing deeds. *Deepwells Estates, Inc. v. Inc. Village of Head of the Harbor*, 973 F.Supp. 338, 345 (E.D.N.Y. 1997). Title is transferred when the grantor delivers the executed deed. *Id.* "Delivery" is

a question of the grantor's intent to transfer the ownership. *Mizuna*, 90 F.3d at 658. In this case, there is no question that Source One's intent was to transfer its ownership to Fannie Mae.

**3.** In plaintiffs' second amended complaint, they did not specifically allege that section 241(6) of the New York Labor Law was violated. *See* Sec.Am.Compl. ¶ 23. However, in plaintiffs' memorandum, they argue that 241(6) was violated and the defendants respond to that argument. In the interest of judicial efficiency, this claim will also be analyzed.

[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ... and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. Labor Law § 240(1). The purpose of § 240 is to protect workers who are exposed to elevation-related risks on construction sites. *See Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494, 501, 601 N.Y.S.2d 49, 618 N.E.2d 82 (1993); *Gordon v. Eastern Railway Supply, Inc.,* 82 N.Y.2d 555, 560, 606 N.Y.S.2d 127, 626 N.E.2d 912 (1993). In the present case, the plaintiff was re-keying a lock at ground level in a house that was not under construction.

■ The statute refers to the erection, demolition, cleaning, or pointing of a building, none of which were occurring at 91 Robinson. Further, the act of re-keying a functioning, existing lock does not constitute a "repair" or "alteration." *See Wilson v. City of New York,* 89 F.3d 32, 37 (2d Cir.1996); *Joblon v. Solow,* 91 N.Y.2d 457, 465, 672 N.Y.S.2d 286, 695 N.E.2d 237 (1998) (stating that "alteration" is a significant physical change to the configuration or composition of the building or structure). In *Wilson,* the Second Circuit stated that "[i]n considering whether replacing parts of a building's equipment is work covered by § 240(1), the New York courts have distinguished between equipment which was functioning and that which was not." *Id.* In this case, the lock at 91 Robinson was functioning, plaintiff was engaged to re-key the lock so that a master key unique to Fannie Mae could be used to gain access to the premises.

■ In order to establish his claim pursuant to § 241(6), the plaintiff must show that the owner or general contractor violated a specific safety standard established by the Labor Commissioner. *See, e.g., Ross,* 81 N.Y.2d at 502, 601 N.Y.S.2d 49, 618 N.E.2d 82. Plaintiff cites § 12 NYCRR 23–1.7(b) as this violation. This section protects workers from hazardous openings. Specifically, it requires that stairwells *on construction sites* be covered or protected by handrails. As stated previously, 91 Robinson was not a construction site. Likewise, in order for §§ 241 and 241–a to apply, plaintiff must be performing work on a construction site. Additionally, in order for § 241–a to apply, plaintiff's fall had to be from more than one story. *See Nevins v. Essex Owners, Corp.,* 259 A.D.2d 384, 385, 687 N.Y.S.2d 114 (1st Dept.1999); *Fuller v. Catalfamo,* 223 A.D.2d 850, 852, 636 N.Y.S.2d 467 (1996) (stating that § 241–a only applied where worker fell more than one story at a construction site). In this case, plaintiff's fall was from the ground floor into the basement at a non-construction site. Accordingly, plaintiff's claims against all defendants pursuant to N.Y. Labor Law §§ 240, 241, 241–a and 241(6) must be dismissed.

## 2. *Section 200 Claim*

■ Section 200 of the New York Labor Law is a codification of the common-law duty of an owner or general contractor to provide a safe place for construction workers to work. *Lombardi v. Stout,* 80 N.Y.2d 290, 294, 590 N.Y.S.2d 55, 604 N.E.2d 117 (1992); *see also, Comes v. New York State Electric & Gas Corp.,* 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993). Under this section, an owner is not liable unless it has actual or constructive notice of the condition complained of and exercises supervision or control over the work performed by the

plaintiff. *See Wilson*, 89 F.3d 32, 38; *Biagini v. Tischman*, 1996 U.S.Dist LEXIS 9242 (S.D.N.Y. June 27, 1996) (stating that liability under § 200 will attach only where the charged party exercised supervisory control over the construction site); *DeTommaso v. Fitzgerald Construction Corp.*, 138 A.D.2d 341, 343, 525 N.Y.S.2d 632 (2d Dep't), appeal denied, 73 N.Y.2d 701, 535 N.Y.S.2d 595, 532 N.E.2d 101 (1988), *Kennedy v. McKay*, 86 A.D.2d 597, 598, 446 N.Y.S.2d 124 (2d Dep't 1982); *Comes*, 82 N.Y.2d at 877, 609 N.Y.S.2d 168, 631 N.E.2d 110.

As stated above, 91 Robinson was not a construction site so § 200 is not applicable. Also, there is nothing in the record to indicate that the owner of the property, defendant Fannie Mae, exercised any control over how the work of reconfiguring the lock cylinder was going to be done. *Wilson v. City of New York*, 903 F.Supp. 553, 556 (S.D.N.Y.1995). Neither defendant Fannie Mae nor defendant Realty USA supervised plaintiff Kepner's work. Additionally, defendants Source One, Five Brothers, and Patrick Currie cannot be held liable under § 200 as those defendants neither owned 91 Robinson at the time of plaintiff's accident, nor is there anything in the record to indicate that they had supervisory control over the plaintiff's work there. Accordingly, plaintiff's claims against all defendants pursuant to N.Y. Labor Law § 200 must also be dismissed.

### C. *Negligence Claim*

█ Plaintiff also brings a claim against all the defendants for common-law negligence. To establish a prima facie case of negligence, a plaintiff must establish (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the defendant's breach proximately caused the plaintiff's injury. *Weiss v. Capp*, 1997 WL 193181, 1997 U.S.Dist. LEXIS 5182, at *5 (S.D.N.Y. April 18, 1997).

█ There are many unresolved factual issues involving the events surrounding November 24, 1999. For example, which defendants, if any, (1) were responsible for maintaining the premises; (2) removed the door to the basement; (3) had actual or constructive notice of the opening in the floor; (4) failed to warn the plaintiff or his employer of the condition; or (5) failed to place warning signs, barricade's or lights around the opening. Plaintiff raises material issues of fact as to whether all or some of the defendants failed in a duty to exercise reasonable care. The comparative negligence, if any, of the plaintiff in failing to observe the opening and to protect his own safety is also an issue to be resolved by a jury. Accordingly, both plaintiffs' and defendants' motions for summary judgment must be denied with regard to plaintiffs' negligence claims.

### D. *Crossclaims*

The defendants, Realty USA, Source One, and Five Brothers, each moved in the alternative for summary judgment on part of their cross-claims. Because the plaintiffs' motion for summary judgment must be denied, discussion of these alternative motions is not necessary.

### E. *Testimony of Stephen Meyers*

Defendant Patrick Currie argues in his memorandum of law to preclude the plaintiff's expert, Stephen Meyers ("Meyers"), from testifying. This argument is better suited for a motion in limine and will not be analyzed at the present time.

## IV. *CONCLUSION*

Plaintiff Edward Kepner's claims pursuant to the New York Labor Law §§ 200, 240, 241, 241–a and 241(6) must be dismissed as against all the defendants. However, there are questions of fact as to whether any, or all, of the defendants are

liable for common law negligence, and whether plaintiff is liable for comparative negligence. .

Accordingly, it is

ORDERED that

1. The plaintiffs, Edward Kepner and Penelope Kepner's, motion for summary judgment with respect to the New York Labor Law §§ 200, 240, 241, 241–a and 241(6) claims is DENIED;

2. The defendants, Federal National Mortgage Association, Realty USA, Source One Mortgage Services Corporation, n/k/a Citi Mortgage, Five Brothers Mortgage Services Corporation, and Patrick Currie's, cross-motions for summary judgment with respect to the plaintiffs' New York Labor Law §§ 200, 240, 241, 241–a and 241(6) claims are GRANTED, and those claims are DISMISSED;

3. The plaintiffs, Edward Kepner and Penelope Kepner's, motion for summary judgment with respect to their claim of negligence is DENIED;

4. The defendants, Federal National Mortgage Association, Realty USA, Source One Mortgage Services Corporation, n/k/a Citi Mortgage, Five Brothers Mortgage Services Corporation, and Patrick Currie's, cross-motions for summary judgment with respect to the plaintiffs' claim of negligence is DENIED; and

5. The defendants Realty USA, Source One and Five Brothers' cross motion for summary judgment on part of their cross-claim is DENIED without prejudice.

6. The defendant Patrick Currie's motion to preclude expert testimony at trial from Steven Meyers is DENIED without prejudice.

IT IS SO ORDERED.